| | |
|---|---|
| Andrew D. O'Toole<br>O'Toole + O'Toole PLLC<br>22 Valley Road<br>Katonah, NY 10536<br>Tel. (914) 232-1511 | **HEARING DATE AND TIME: September 10, 2019 at 10:15 am**<br>**OBJECTION DEADLINE:  September  3, 2019 at 5:00 pm** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>BRADLEY C. REIFLER,<br><br>     Debtor. | Chapter 7<br><br>Case No.: 17-35075 (CGM) |

---------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF BRADLEY C. REIFLER,<br><br>     Plaintiff,<br><br>  – against –<br><br>BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG and/or John Doe No. 1 and 2, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO KELSEY REIFLER; BRADLEY REIFLER, NANCY REIFLER,  LISETTE ACKERBERG and/or John Doe No. 3 and 4, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO COLE REIFLER; BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG and/or John Doe No. 5 and 6, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO PAIGE REIFLER; BRADLEY REIFLER, NANCY REIFLER and/or John Doe No. 7 and 8, as Trustee of the BRADLEY C. REIFLER CHILDREN'S TRUST; BRADLEY REIFLER, NANCY REIFLER and/or John Doe No. 9 and 10, as Trustee of the BRADLEY REIFLER CHILDREN'S TRUST NO. 1; KELCOP LP; KELCOP FAMILY LLC a/k/a KELCOP LLC; NANCY REIFLER, KELSEY REIFLER; COLE REIFLER; EGIAP | Adv. Pro. No.: 19-9003 (CGM) |

LLC; POCLEK, LLC; LISETTE
ACKERBERG, and JOHN DOES 11-20,

        Defendants.

------------------------------------------------------------x

**NOTICE OF MOTION, BY THE CHAPTER 7 TRUSTEE, PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR THE ENTRY OF AN ORDER COMPELLING THE FAMILY DEFENDANTS TO PROPERLY AND FULLY RESPOND TO THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FIRST SET OF INTERROGATORIES, AND APPEAR FOR DEPOSITIONS, IMPOSING SANCTIONS AND GRANTING RELATED RELIEF INCLUDING REASONABLE ATTORNEYS' FEES AGAINST THE FAMILY DEFENDANTS AND STRIKING THE FAMILY DEFENDANTS ANSWERS**

     **PLEASE TAKE NOTICE,** that on **September 10, 2019 at 10:15 a.m.**, based on the attached motion, Declaration of Andrew D. O'Toole, dated August 14, 2019 with exhibits thereto, a hearing will be held before the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 10261 (the "Court") on the motion of Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estate of Bradley C. Reifler (the "Debtor"), through her counsel O'Toole + O'Toole, PLLC, seeking the entry of an Order: (i) compelling each of the Family Defendants (as defined in the Motion) within seven (7) days of entry of an Order, serve Plaintiff's counsel with their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure; (ii) compelling each of the Family Defendants (as defined in the Motion) within fourteen (14) days of entry of an Order serve Plaintiff's counsel with proper Document and Interrogatory responses for each Family Defendant, together with all responsive documents in the Family Defendants custody, possession and control; (iii) compelling Nancy Reifler, Kelsey Reifler, Cole Reifler and Paige Reifler to schedule with Plaintiff's counsel deposition dates not later than forty-five days (45) days after entry of an Order, provided such depositions shall not proceed in the absence of their complete compliance; (iv) sanctioning each of the Family Defendants for having failed to comply with their obligations under Rule 26 and the Discovery Demands under Rule 37(a)(4) and (d) of the Federal Rules by requiring them to pay the reasonable attorneys' fees of Trustee's counsel in connection with Trustee's counsel's attempts to obtain compliance from the Family Defendants; and (iv) expressly warning them that in the event the Family Defendants fail to comply with these

2

discovery requirements within the specified time, their Answer shall be stricken; and/or (iv) granting all such other and further relief as the Court deems just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Bankruptcy Court no later than **September 3, 2019 by 5:00 p.m.** as follows:   (I) through the Bankruptcy Court's electronic filing system (in accordance with Orders No. 473) which may be accessed through the internet at the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF form on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

Dated: Katonah, NY
      August 14, 2019

                                            O'TOOLE + O'TOOLE PLLC
                                            *Counsel to Marianne T. O'Toole,*
                                            *as Chapter 7 Trustee*

                           By:     <u>/s/ Andrew D. O'Toole</u>
                                            Andrew D. O'Toole, Esq.
                                            22 Valley Road
                                            Katonah, NY 10536
                                            Tel.  (914) 232-1511
                                            Email  aotoole@otoolegroup.com

To:    Michael D. Siegel, Esq.
        Siegel & Siegel, P.C.
        One Penn Plaza, Suite 2414
        New York, New York 10119

        *Attorney for the Family Defendants*

        Craig M. Cepler, Esq.
        Yankwitt LLP
        140 Grand Street, Suite 705
        White Plains, New York 10601

        *Counsel for Lisette Ackerberg*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:                                                          Chapter 7

BRADLEY C. REIFLER,                                             Case No.: 17-35075 (CGM)

        Debtor.

---------------------------------------------------------x

MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF BRADLEY
C. REIFLER,

        Plaintiff,

    – against –                                              Adv. Pro. No.: 19-9003 (CGM)

BRADLEY REIFLER, NANCY REIFLER,
LISETTE ACKERBERG and/or John Doe No.
1 and 2, as Trustee of the ACKERBERG
IRREVOCABLE TRUST FBO KELSEY
REIFLER; BRADLEY REIFLER, NANCY
REIFLER,  LISETTE ACKERBERG and/or
John Doe No. 3 and 4, as Trustee of the
ACKERBERG IRREVOCABLE TRUST FBO
COLE REIFLER; BRADLEY REIFLER,
NANCY REIFLER, LISETTE ACKERBERG
and/or John Doe No. 5 and 6, as Trustee of the
ACKERBERG IRREVOCABLE TRUST FBO
PAIGE REIFLER; BRADLEY REIFLER,
NANCY REIFLER and/or John Doe No. 7 and
8, as Trustee of the BRADLEY C. REIFLER
CHILDREN'S TRUST; BRADLEY
REIFLER, NANCY REIFLER and/or John
Doe No. 9 and 10, as Trustee of the
BRADLEY REIFLER CHILDREN'S TRUST
NO. 1; KELCOP LP; KELCOP FAMILY LLC
a/k/a KELCOP LLC; NANCY REIFLER,
KELSEY REIFLER; COLE REIFLER; EGIAP
LLC; POCLEK, LLC; LISETTE
ACKERBERG, and JOHN DOES 11-20,

        Defendants.

---------------------------------------------------------x

**MOTION BY THE CHAPTER 7 TRUSTEE PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR THE ENTRY OF AN ORDER COMPELLING THE FAMILY DEFENDANTS TO PROPERLY AND FULLY RESPOND TO THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FIRST SET OF INTERROGATORIES, AND APPEAR FOR DEPOSITIONS, IMPOSING SANCTIONS AND GRANTING RELATED RELIEF INCLUDING REASONABLE ATTORNEYS' FEES AGAINST THE FAMILY DEFENDANTS AND STRIKING THE FAMILY DEFENDANTS ANSWERS**

**TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Plaintiff Marianne T. O'Toole, the Chapter 7 Trustee of the estate of Bradley C. Reifler (the "Debtor"), by her counsel, O'Toole + O'Toole, PPLC respectfully seeks entry of an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules"): (a) compelling Defendants Bradley Reifler and Nancy Reifler, as Trustee of the Ackerberg Irrevocable Trust FBO Kelsey, the Ackerberg Irrevocable Trust FBO Cole, the Ackerberg Irrevocable Trust FBO Paige, the Bradley Reifler Children's Trust, and the Bradley Reifler Children's Trust No. 1; KELCOP LP; KELCOP FAMILY LLC a/k/a KELCOP LLC; Nancy Reifler; Kelsey Reifler; Cole Reifler; EGIAP LLC; and POCLEK, LLC (individually, "Family Defendant" and collectively, the "Family Defendants")[1] to properly and fully respond to the *Trustee's First Request for Production of Documents* (collectively, the "Document Requests") and *First Set of Interrogatories* (the "Interrogatories") dated June 13, 2019 issued to each respective Family Defendant, (b) compelling Nancy Reifler, Kelsey

---

[1] Defendant Lisette Ackerberg is separately represented and discovery issues with respect to Defendant Ackerberg are not addressed in this Motion and Defendant Ackerberg is excluded from the definition of Family Defendants for the purpose of this Motion.

2

Reifler, Cole Reifler and Paige Reifler[2] to appear for their deposition, and (c) imposing sanctions and granting further relief including granting reasonable attorneys' fees in favor of Plaintiff and against each of the Family Defendants in connection with Family Defendants non-compliance and striking the Family Defendants' Answer filed January 31, 2019, for the reasons set forth in the Declaration of Andrew D. O'Toole, Esq. (the "O'Toole Declaration")[1] and below.

## PRELIMINARY STATEMENT

The Family Defendants have utterly and completely failed to participate in discovery period. Notwithstanding demands by the Trustee to secure compliance, the Family Defendants have blatantly ignored discovery and flagrantly disregarded the warning of the Court. This non-compliance includes, but is not limited to, the Family Defendants complete failure to provide initial disclosures pursuant to Rule 26(a)(1) and respond to the Document Requests and Interrogatories and appear for depositions. The Family Defendants' willful non-compliance has obstructed the Trustee's efforts to obtain proper fact discovery and move this matter towards disposition.

Accordingly, the Trustee respectfully submits that an Order compelling the Family Defendants to comply with discovery obligations and imposing sanctions including striking the Family Defendants' Answer and/or reimbursing the Trustee for attorneys' fees incurred in connection with obtaining such compliance is necessary, appropriate and warranted.

---

[2] The Family Defendants include the Debtor, his wife, his three children and several of the family related entities and trusts. For instance, "EGIAP" is Paige spelled backwards; "KELCOP" is "KEL" + "CO" + "P," representing the initials of Debtor's children; and "POCLEK" is the reverse of KELCOP, again utilizing the children's initials.

3

## BACKGROUND

The relevant background facts are set forth in the accompanying Declaration of Andrew D. O'Toole, Esq. dated August 14, 2019 and incorporated herein by reference.

## FAMILY DEFENDANTS FAILURE TO COMPLY WITH DISCOVERY

The Family Defendants have willfully failed to obey their discovery obligations as parties to this proceeding. Rule 37(a)(3)(A) of the Federal Rules provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Similarly, Rule 37(a)(3)(B) of the Federal Rules provides—

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . .
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

Rule 37(a)(5)(A) of the Federal Rules provides-

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Rule 37(b)(2)(A) of the Federal Rules, provides that a court may impose sanctions upon a party who fails to obey a discovery order. See Fed. R. Civ. P. Rule 37(b)(2)(A). These

4

sanctions include directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from opposing designated claims or supporting designated defenses, and striking pleadings in whole or part. See Fed. R. Civ. P. 37(b)(2)(A).

Courts have observed that "sanctions under Rule 37(b)(2) may be imposed for failure to comply with any kind of discovery order, not just an order issued under Rule 37(a))". Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition co., Inc., 192 F.R.D. 95, 98 (W.D.N.Y. 2000).

Rule 37(d)(1)(A)(i) of the Federal Rules provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d)(2) of the Federal Rules provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Sanctions for failing to appear for a deposition –

> may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court **must** require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(2) (emphasis added).

Where a party fails to produce documents as ordered by the court and has obfuscated the Trustee's attempts to seek discovery, the court can enter an order striking the defendant's answer. See Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star, 1996

5

WL 74745, *1-2 (S.D.N.Y. Feb. 21, 1996) (finding that the failure of the defendants to comply with the court's order requiring discovery, or confirm that the defendants had made an adequate search for the documents, warranted the court striking their answer); see also Rahman v. Seung Min Park (In re Seung Min Park), 2011 WL 1344495, at *7-8 (Bankr. E.D.N.Y. Apr. 8, 2011) (describing the Court's authority to strike a defendant's answer due to the failure to produce documents); SEC v. Wencke, 577 F.2d 619, 622 (9th Cir. 1978) ("Because [defendant] had willfully refused to obey the district court's discovery order, the court had the authority to strike his answer."). John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988); Starbrite Waterproofing Co., Inc. v. Aim Constr. & Contracting Corp., 164 F.R.D. 378, 381 (S.D.N.Y. 1996) (striking defendants' answer and precluding them from presenting evidencing where defendants flouted their obligations under the Federal Rules of Civil Procedure, ignored their obligations to respond to Trustee's document requests and interrogatories and ignored Trustee's counsel's telephone calls and at least one letter inquiring about the same).

Federal Rule 37 sanctions are intended prevent a party from benefiting from its failure to comply, and to deter such conduct. See O'Toole v. Wrobel (In re Sledziejowski), 533 B.R. 408 (Bankr. S.D.N.Y. 2015). Rule 37 of the Federal Rules serves several purposes, including to (i) ensure that a party does not simply fail to comply with discovery or benefit from its own failure to comply; (ii) act as a deterrent and to obtain compliance, and (iii) to serve as a general deterrent effect in the applicable action and on other litigation. *Balabar-Strauss v. Tartaglione In re Tartaglione*, 2008 WL 336844 at *3-4 (S.D.N.Y. February 5, 2008) (citing *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

6

The court has "broad discretionary power" to impose sanctions upon a party for failure to comply with the legitimate discovery requests of its adversary. In re Barnholdt, 74 B.R. 760, 763 (Bankr. N.D.N.Y. 1987). In exercising its discretion, the Court should consider the dissuasive effect an order may have upon the party at fault in the present case, and the impact upon discovery in other pending litigation. Id. at 763. "The Court must scrutinize the manner and extent of the discovery request, the degree of fault which the party complained of rightly bears for the failure to comply, and whether noncompliance follows prior court involvement in the discovery process." Id. at 763-64. Rule 37 provides the Court with a variety of sanctions, including striking a pleading. Striking a non-compliant party's pleading is justified when a party has evidence "bad faith, willfulness, or gross negligence with respect to a discovery request, or where there has been a total failure to answer." In re Barnholdt, 74 B.R. at 764; Starbrite Waterproofing Co., Inc., 164 F.R.D. at 381.

In the Scheduling Order entered in this Adversary Proceeding [ECF Doc. No. 10], the parties recognized the Court's power to sanction as expressed in the Order when they stipulated and agreed that: "Failure to comply with the [Scheduling] Order may result in sanctions being imposed."

The production of documents by Family Defendants is necessary for the purpose of obtaining information material and pertinent to the Trustee's claims against the Family Defendant and assessing the merits of the Family Defendant's defenses. As a matter of practicality, initial disclosures, interrogatory and document responses and document discovery should be completed prior to the party and non-party depositions so that no witness need be deposed twice.

7

As set forth fully above and in the O'Toole Declaration, the Family Defendants have failed to make the required initial Rule 26 disclosures or respond to the Document Request and Interrogatories (collectively, the "Discovery Demands"), making it futile to proceed with their depositions as noticed, and have failed to comply with the Scheduling Order. Accordingly, this Court is warranted in compelling compliance, imposing the fees and costs incurred by the Trustee as a result of Family Defendants' non-compliance as a sanction, and, striking the Family Defendant's answer and/or precluding Family Defendants from offering at trial or relying upon any documents not properly identified and produced in discovery.

Even if the Family Defendants produced all requested documents in their possession, custody or control and appears for his depositions, they have already violated Rules 37(a)(4), 37(b)(2)(A) and 37(d)(1)(A)(i), i.e., the "damage" has been done. Boulos v. Cato, 1988 WL 70292, at *2 (S.D.N.Y. June 30, 2008) ("Whether or not defendants complied in part with plaintiff's requests *after* plaintiff brought their motion in no way relieves defendants of the consequences imposed by Rule 37(a)(4).") (emphasis in original).

Accordingly, the Trustee should be awarded all of her reasonable attorneys' fees in connection with her attempts to secure the Family Defendants' compliance with its discovery obligations, including, but not limited to those with preparing, filing and arguing the instant motion to compel.

## CONCLUSION

Since the Family Defendants have no justifiable basis for failing to comply with discovery, the Family Defendants should be compelled to (i) within seven (7) days of entry of an Order, serve Plaintiff's counsel with their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (ii) within fourteen (14) days of entry of an Order serve Plaintiff's counsel with proper Document and Interrogatory responses for each Family Defendant, together with all responsive documents in the Family Defendants custody, possession and control and schedule with Plaintiff's counsel deposition dates not later than forty-five days (45) days after entry of an Order, provided such depositions shall not proceed in the absence of complete compliance. Moreover, the Family Defendants should be sanctioned for having failed to comply with the Discovery Demands under Rule 37(a)(4) and (d) of the Federal Rules, to pay the reasonable attorneys' fees of Trustee's counsel in connection with Trustee's counsel's attempts to obtain compliance from the Family Defendants; and have the Answer stricken in the event the Family Defendants fails to meet these discovery requirements in the specified time.

Dated:  August 14, 2019

O'TOOLE + O'TOOLE PLLC
*Counsel to Marianne T. O'Toole,*
*as Chapter 7 Trustee*

By:   /s/ Andrew D. O'Toole
Andrew D. O'Toole, Esq.
22 Valley Road
Katonah, NY 10536
Tel.  (914) 232-1511
Email  aotoole@otoolegroup.com

To:   Michael D. Siegel, Esq.
Siegel & Siegel, P.C.
One Penn Plaza, Suite 2414
New York, New York 10119

9

*Attorney for the Family Defendants*

Craig M. Cepler, Esq.
Yankwitt LLP
140 Grand Street, Suite 705
White Plains, New York 10601

*Counsel for Lisette Ackerberg*