**O'TOOLE + O'TOOLE PLLC**
22 Valley Road
Katonah, New York 10536
Telephone: (914) 232-1511
Andrew D. O'Toole, Esq.
Marianne T. O'Toole, Esq.

Hearing date: **March 3, 2020 at 10:15 a.m.**
Objections Due: **February 25, 2020 at 4:00 p.m.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>BRADLEY C. REIFLER,<br><br>        DEBTOR.<br>_____<br>MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF BRADLEY C. REIFLER,<br>        PLAINTIFF,<br>    V.<br><br>BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG AND/OR JOHN DOE NO. 1 AND 2, AS TRUSTEE OF THE ACKERBERG IRREVOCABLE TRUST FBO KELSEY REIFLER; BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG AND/OR JOHN DOE NO. 3 AND 4, AS TRUSTEE OF THE ACKERBERG IRREVOCABLE TRUST FBO COLE REIFLER; BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG AND/OR JOHN DOE NO. 5 AND 6, AS TRUSTEE OF THE ACKERBERG IRREVOCABLE TRUST FBO PAIGE REIFLER; BRADLEY REIFLER, NANCY REIFLER AND/OR JOHN DOE NO. 7 AND 8, AS TRUSTEE OF THE BRADLEY C. REIFLER CHILDREN'S TRUST; BRADLEY REIFLER, NANCY REIFLER AND/OR JOHN DOE NO. 9 AND 10, AS TRUSTEE OF THE BRADLEY REIFLER CHILDREN'S TRUST NO. 1; KELCOP LP; KELCOP FAMILY LLC A/K/A KELCOP LLC; NANCY REIFLER, KELSEY REIFLER; COLE REIFLER; EGIAP LLC; POCLEK, LLC; LISETTE ACKERBERG, AND JOHN DOES 11-20,<br>        DEFENDANTS. | CHAPTER 7<br><br>CASE NO. 17-35075 (CGM)<br><br><br><br><br><br>ADV. PROC. NO. 19-9003 (CGM) |

**MOTION SEEKING ENTRY OF AN ORDER APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF SETTLEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND DEFENDANT LISETTE ACKERBERG**

TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE

  Marianne T. O'Toole, as Chapter 7 Trustee (the "Chapter 7 Trustee") of the estate of Bradley C. Reifler ("Debtor"), through her counsel, O'Toole + O'Toole PLLC, hereby seeks the entry of Order: (I) approving the stipulation of settlement (the "Stipulation"), a copy of which is Exhibit A, by and among the Chapter 7 Trustee and Lisette Ackerberg resolving this adversary proceeding as brought against Lisette Ackerberg individually and as named in the Complaint as trustee or co-trustee of the following three trusts named as defendants in the Complaint: ACKERBERG IRREVOCABLE TRUST FBO KELSEY REIFLER, ACKERBERG IRREVOCABLE TRUST FBO COLE REIFLER; or ACKERBERG IRREVOCABLE TRUST FBO PAIGE REIFLER (the "Three Grandchildren Irrevocable Trusts"); and (II) granting such other and further relief as the Court deems just and proper, and respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

  By this Motion, the Chapter 7 Trustee seeks approval of the Stipulation as being fair, reasonable and in the best interests of the Debtor's estate. The Stipulation resolves all disputes by and among the Chapter 7 Trustee and Lisette Ackerberg, individually and as trustee or co-trustee of the Three Grandchildren Irrevocable Trusts, as alleged in the Complaint in exchange for, *inter alia*, a cash payment of $900,000.00, without the risks and costs associated with continued litigation, contested motion practice and trials on the merits. The settlement embodied in the Stipulation also provides for, *inter alia*, the

2

waiver all proofs of claim that were filed, or could have been filed, against the Debtor's estate by Lisette Ackerberg, and the withdrawal of various pending motions, without the risks and costs associated with formal motion practice. In light of the well-documented and litigious history of these cases, the settlement of all disputes by and among the Chapter 7 Trustee and Lisette Ackerberg will result in a substantial benefit to each of the Debtors' estates. Thus, the Stipulation represents an appropriate exercise of the Chapter 7 Trustee's sound business judgment and its terms fall far above the lowest point in the range of reasonableness.

For these reasons, and those set forth before, the Chapter 7 Trustee respectfully requests that the Court authorize and approve the Stipulation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein include Bankruptcy Rule 9019(a) and Bankruptcy Code § 105(a).

## BACKGROUND

**I. The Bankruptcy Filings, Appointment of the Trustee and Ackerberg's Filing of Two Proofs of Claim**

4. On January 20, 2017, Debtor, Bradley C. Reifler ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate ("Chapter 7 Trustee") and, by operation of law, she became the permanent Chapter 7 Trustee of the Debtor's estate.

6. On or about July 5, 2017, Debtor's mother, Lisette Ackerberg ("Ackerberg") filed a proof of claim against the Debtor's estate in the amount of $6,000,000 which claim was assigned claim number 3 by the Clerk of the Court ("Claim 3"). On or about September 7, 2017, Ackerberg filed a second proof of claim against the Debtor's estate in the amount of $6,000,000 which claim was assigned claim number 8 by the Clerk of the Court ("Claim 8") (collectively, Claim 3 and Claim 8 are referred to as the "Ackerberg Proof of Claims").

**II.   The Denials of Debtor's Discharge**

7. On or about May 4, 2018, this Court entered an order in *North Carolina Mutual Life Insurance Company v. Reifler*, Adv. Proc. No. 17-09016 (CGM) granting a default judgment against Debtor, including the denial of discharge of Debtor's liability to North Carolina Mutual and under Section 727(a)(4)(A) on the grounds that Debtor knowingly and fraudulently made a false oath and account in connection with the case. *See* Adv. Proc. No. 17-09016, ECF No. 176. Based upon Debtor's own admissions and the undeniable cyber trail, the Court determined that the Debtor willfully and intentionally destroyed his emails and Electronically Stored Information both before and after the Bankruptcy Case was commenced. In affirming this Court's default judgment, the District Court found that "the record makes abundantly clear that the Bankruptcy Court acted well within its discretion in concluding that Reifler destroyed evidence, that

4

his conduct was sanctionable, and that default judgment was an appropriate sanction." *In re Reifler*, No. 18-cv-4711 (KMK), 2019 WL 396525, at 8 (S.D.N.Y. Jan. 31, 2019).

8.      On November 12, 2018, this Court entered an Order in *William K. Harrington, United States Trustee for Region 2 v. Reifler*, Adv. Proc. No. 17-09030 (CGM) denying Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (5) on the grounds that Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained and failed to explain any loss of assets or deficiency of assets. See ECF Nos. 18 and 19 (October 30, 2018 Transcript). Though Debtor initially appealed that order to the District Court, he subsequently dismissed that appeal with prejudice. *In re Reifler*, No. 18-12302-VB, ECF No. 15 (Agreement and Order to Dismiss Appeal Pursuant to Fed. R. Bank. R. 8023).

**III.    The Instant Adversary Proceeding**

9.      On January 19, 2019, the Trustee commenced the instant adversary proceeding by filing a Complaint against, *inter alia*, Ackerberg seeking the avoidance and recovery of transfers to Ackerberg in an aggregate amount of approximately $1,298,155.00 (the "Transfers") pursuant to sections 105, 323, 541, 542, 544, 548, 550 and 551 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6009, 7001 and 7065, sections 273, 274, 275, 276 and 276-a of New York Debtor and Creditor Law (the "DCL"), and New York common law (the "Complaint");

10.     On or about February 28, 2019, Ackerberg filed an Answer, denying the Trustee's claims in the Complaint (ECF No. 8) and issue was joined.

**IV.   Discovery Disputes and this Court's Orders**

11.   On June 13, 2019, the Chapter 7 Trustee propounded her First Interrogatories and First Request for Production of Documents (collectively, the "discovery requests") to Ackerberg, in care of her attorney of record. (O'Toole Decl., Dec. 10, 2019, ¶11).   Pursuant to Federal Rule of Civil Procedure 33(b)(2) and 34(b)(2)(A), responses to the discovery requests were due within thirty days; on or before July 12, 2019. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).   Ackerberg failed to respond to the discovery requests on or before July 12, 2019, nor did she request an extension of time to respond.

12.   On July 30, 2019, the Court held a pretrial conference and at that time, the Trustee raised the various discovery defaults and deficiencies by Ackerberg and the other Family Defendants.   During the July 30 conference, the Court ordered Ackerberg to produce all documents related to all trusts within seven (7) days and granted the Trustee permission to move to compel. (ECF No. 15, at 14.).

13.   On August 20, 2019, counsel for Ackerberg and the Trustee appeared at the pretrial conference and the hearing held in connection with Ackerberg's motion to stay the date of her deposition until October 31, 2019 based on purported health issues. In the course of the August 20, 2019 hearing, the Court (again) ordered Ackerberg to fully comply with the Trustee's written discovery, but granted her request to temporarily stay her deposition.   The Court ordered Ackerberg to produce statements for all bank accounts and brokerage accounts belonging to or controlled by Ackerberg, including those in the name of the Ackerberg Revocable Trust. (ECF No. 23, Transcript of Aug. 20, 2019 Hearing, 7-8.)   On August 22, 2019, the Bankruptcy Court entered an Order

6

Temporarily Staying Ackerberg's Deposition, which included the following: "**ORDERED, that document discovery is not stayed and shall continue as ordered by the Court upon record of the August 20, 2019 hearing.**" (ECF No. 23) (emphasis in original).

14. On September 10, 2019 at 3:28 pm, the Trustee filed a motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for entry of an order: (i) compelling Lisette Ackerberg within fourteen (14) days of entry of an Order to serve Plaintiff's counsel with all responsive documents in her custody, possession and control responsive to the Trustee's First Request for Production of Documents, dated June 13, 2019, and Trustee's First Set of Interrogatories, dated June 13, 2019, including a search for and production of all responsive electronic documents and/or emails; (ii) compelling Lisette Ackerberg to produce copies of all trust documents, including any amendments, for which she is or ever was the settlor, trustee or beneficiary, including, but not limited to the Lisette Ackerberg Living Revocable Trust; (iii) sanctioning Lisette Ackerberg for having failed to comply with the Court's July 30, 2019 and August 20, 2019 Orders and Discovery Demands under Rule 37(a)(4) and (d) of the Federal Rules by requiring her to pay the reasonable attorneys' fees of Trustee's counsel in connection with Trustee's counsel's attempts to obtain compliance from Lisette Ackerberg; and (iv) expressly warning Lisette Ackerberg that in the event she fails to comply with this Order or these discovery requirements within the specified time, her Answer shall be stricken and a default judgment shall be entered against her; and/or (v) granting all such other and further relief as the Court deems just and proper (the "Trustee's Motion to Compel and for Sanctions") (ECF No. 26.) Then, seven hours after the Trustee's Motion to Compel

7

and For Sanctions was filed and, at approximately at 10:54 pm on September 10, 2019, Ackerberg filed her untimely Motion for a Protective Order. (ECF No. 27.)

15. On December 10, 2019, the Trustee and Ackerberg each filed their opposition to each other's motions. The motions were argued at a hearing that took place on December 17, 2019. Following oral argument, and a brief recess, the this Court issued its ruling from the bench, carefully summarizing the relevant procedural background and citing the applicable law. (ECF No. 62-7). Pursuant to Rules 26 and 37, this Court granted the Trustees motion to compel (ECF No. 26) and denied Ackerberg's motion for a protective order (ECF No. 37). The Court ordered Ackerberg: (1) to answer all interrogatories within 30 days; (2) to provide all documents within 30 days; (3) to provide the Trustee with a confidentiality agreement within seven days; and then giving the Trustee seven days to object or sign, and ordering Ackerberg to produce all trust documents within seven days after the confidentiality agreement has been signed; (4) to provide more detailed information as to the claim of privilege within seven days; (5) to pay the Trustee's counsel his reasonable attorneys' fees and costs; and (6) to be deposed on or before February 14, 2020. This Court also ordered that: "if Ms. Ackerberg does not comply with her discovery, as I have stated, the Trustee may move for sanctions under Rule 37, including a default judgment. (ECF No. 62-7.)

16. On December 26, 2019, the Bankruptcy Court entered the Discovery Order, which incorporated by reference the ruling and orders set forth in the transcript of the December 17, 2019 hearing. (ECF No. 56). On January 3, 2020, the Court entered a supplemental order awarding the Trustee's counsel $9,510.45, representing the

8

reasonable attorneys' fees and expenses they incurred in connection with filing the motion to compel.  (ECF No. 59.)

17.  On January 9, 2020, Ackerberg filed a motion seeking leave to file an interlocutory appeal from the Discovery Order, dated Dec. 26, 2019.  (ECF No. 62.)   On January 23, 2020, the Chapter 7 Trusteed filed her opposition to that motion (ECF N.

18.  On January 14, 2020, Ackerberg paid $9,510.45 to O'Toole + O'Toole, PLLC, counsel for the Chapter 7 Trustee pursuant to ECF No. 59.

19.  On January 21, 2020, Ackerberg filed a motion for stay pending Ackerberg's motion for leave to appeal (ECF No. 63.)

20.  On January 23, 2020, the Chapter 7 Trustee filed her memorandum of law in opposition to Defendant Ackerberg's Motion for Leave to Appeal.  (ECF No. 66.)

21.  On January 24, 2020, the Court issued an order to show cause scheduling a hearing on Ackerberg's motion for stay pending Ackerberg's motion for leave to appeal for February 4, 2020.

22.  On January 25, 2020, Ackerberg filed a motion to extend time to produce the documents ordered by the Court's Discovery Order.

23.  On January 27, 2020, the Chapter 7 Trustee filed her opposition to Ackerberg's motion for stay pending Ackerberg's motion for leave to appeal and Ackerberg's motion for an extension of time.

## THE SETTLEMENT

24.  In order to avoid the costs and risks of litigating the Chapter 7 Trustee's claims as against Ackerberg, individually and as trustee or co-trustee of the Three Grandchildren Irrevocable Trusts, as set forth in the Complaint, and her defenses thereto

9

and to resolve the proofs of claims filed by Ackerberg, the Chapter 7 Trustee and Ackerberg have determined to resolve their disputes, without admitting to any wrongdoing or conceding any of the allegations or claims asserted, on the terms and subject to the conditions set forth in the Stipulation annexed hereto as Exhibit A.

## RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

25. By this Motion, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Code § 105(a), the Chapter 7 Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the Debtor's estate and his creditors. The Chapter 7 Trustee believes that the settlement falls well above the lowest level of reasonableness and urges the Court to approve the Stipulation.

## THE TERMS OF THE SETTLEMENT

26. The Stipulation provides that, in full and final settlement of all claims and asserted by the Chapter 7 Trustee on behalf of the Debtor's estate against Ackerberg, individually and as trustee or co-trustee of the Three Grandchildren Irrevocable Trusts, in this adversary proceeding, Ackerberg shall pay to the Trustee the sum of $900,000.00 (the "Settlement Sum"). *See* Exhibit A, § 1. The Settlement Sum was received by the Chapter 7 Trustee upon execution and the Chapter 7 Trustee confirmed receipt of the Settlement Sum via wire on February 3, 2020.

27. Upon the entry of a final, non-appealable Order approving the Stipulation and payment in full of the Settlement Sum, Ackerberg fully releases, *inter alia*, all claims against Debtor and the Debtor's estate, including, but not limited to the Ackerberg Proofs of Claim and any claim under Section 502(h) of the Bankruptcy Code. *See* Exhibit A at §

10

3. The Stipulation further contemplates certain actions by the Parties after payment in full of the Settlement Sum namely, execution of a Stipulation of Dismissal of the Complaint as against Ackerberg, individually and as trustee or co-trustee of the Three Grandchildren Irrevocable Trusts; however such dismissal shall not impact or otherwise affect the Chapter 7 Trustee's rights or claims against any of the other defendants or John Does 1-20 named in the Complaint; or the Chapter 7 Trustee's ability to collect any judgment obtained by the Trustee. *See id.* at § 5.

28. The above is intended to be only a summary of the more salient terms of the Stipulation. The Chapter 7 Trustee respectfully refers the Court and all interested parties to the Stipulation that is Exhibit A for its complete terms and conditions.

## THE STIPULATION SHOULD BE APPROVED

29. The Settlement was the product of arms-length negotiations and represents a compromise and settlement of disputed claims.

*30.* Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. *In re Dewey & LeBoef LLP*, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012). Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). *See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC* (*In re SageCrest II*), Nos. 3:10cv978

(SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-20 (D. Conn. Jan. 14, 2011). *Cousins v. Pereira* (*In re Cousins*), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010). *In re Chemtura Corp.*, 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010). *In re Lehman Bros. Holdings*, 435 B.R. 122, 134 (S.D.N.Y. 2010).

31.     A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Chemtura*, 439 B.R. at 594 (*quoting In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir. 1983)) (*internal quotations omitted*).  However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement.  *Id.*  Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment.  *See In re Adelphia Communs. Corp.*, 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007).  The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated."  *O'Connell v. Packles* (*In re Hilsen*), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (*quoting TMT Trailer Ferry*, 390 U.S. at 424) (*internal quotations omitted*).

32.     The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in *Motorola, Inc. v. Official Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 462 (2d Cir. 2007).  The factors to be considered are interrelated and require the court to evaluate:  (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which

creditors either do not object to or affirmatively support the proposed settlement[;]" (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors[;]" and (7) "the extent to which the settlement is the product of arm's length bargaining." *Id.* (*internal citations omitted*). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011). The granting of releases in connection with a settlement of claims is left to the Chapter 7 Trustee's business judgment. *See, e.g., Morley v. Ontos, Inc.* (*In re Ontos, Inc.*), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); *Krohn v. Lawlor*, 2007 U.S. Dist. LEXIS 66763 (E.D.N.Y. 2007) (approving settlement agreement in which the trustee granted releases).

33. The Chapter 7 Trustee considered many factors when determining whether to enter into the Stipulation including, without limitation, the defenses and arguments raised by Ackerberg in this case and the risks and costs associated with further litigation between the Ackerberg and the Chapter 7 Trustee. For the reasons discussed below, the Trustee respectfully submits that when this Court "canvasses" the issues surrounding the proposed settlement, it should conclude, as the Trustee did, that the terms of the Stipulation fall well above the lowest point in the range of reasonableness.

34. In passing on the Stipulation, the Court should consider the following:

- The Settlement Sum ($900,000) represents approximately 70% of the specific transfers made to Ackerberg ($1,298,000), as identified in Ex. A to the Complaint (ECF No. 1);

- Ackerberg asserted that the transfers were made pursuant to purported loans made to Debtor;

- the parties had several discovery disputes that resulted in myriad orders, including the Discovery Order issued by the Court on December 26, 2019, which Ackerberg sought leave to file an interlocutory appeal and a motion to stay pending resolution of that motion by the District Court; and

- the Court has already denied Debtor's discharge based on Debtor's failure to maintain records and this Court's finding that Debtor destroyed documents both before and after this bankruptcy was filed and this Court ordered the production of documents; and

- Ackerberg is 82 years old and the Court previously stayed the deposition of Ackerberg based on her assertion that she was in poor health.

35.     The Chapter 7 Trustee was mindful that Debtor's discharge has been denied and the claims register reflects the claims that have been filed are in excess of $61 million, including a secured claim filed by the Internal Revenue Service in excess of $22 million. When balanced against the benefit and certainty of a cash payment, the Chapter 7 Trustee determined that the settlement embodied in the Stipulation with respect to Debtor's estate was reasonable.

36.     The proposed settlement does not represent a reflection of how the Chapter 7 Trustee perceives her chances of prevailing on her claims against Ackerberg. Instead, the proposed settlement – while bringing tangible benefit to the Debtor's estate and his creditors – results in closure of the present lawsuit as brought against Ackerberg only.

37.     The settlement if approved would resolves several pending motions, including Ackerberg's motion for leave to file an interlocutory appeal, her motion for a

stay pending appeal, and other pending motions, without the risks and costs associated with formal motion practice.

38. Furthermore, any and all claims that were asserted by Ackerberg against the Debtor's estate, including the Ackerberg Proofs of Claim (each for $6 million), are being withdrawn and the Stipulation prevents Ackerberg from asserting any claims against, *inter alia*, the Debtor's estate, including any claim pursuant to Section 502(h) of the Bankruptcy Code. The release of Ackerberg, individually and as trustee or co-trustee of the Three Grandchildren Irrevocable Trusts, therefore provides significant benefits and finality for the Chapter 7 Trustee, the Debtor's estate and Debtor's creditors.

39. The Chapter 7 Trustee notes that the settlement embodied in the Stipulation was the result of protracted, arm's-length negotiations between the Chapter 7 Trustee and Ackerberg. The Chapter 7 Trustee submits that the settlement was the result of arm's-length bargaining.

40. Based upon the above, the Trustee determined in her business judgment that it was in the best interests of the Debtors' estates and their creditors to enter into the Stipulation. Accordingly, the Trustee recommends its approval.

41. Based on the foregoing, the Chapter 7 Trustee recommends the approval of the Settlement as proposed. No application for the relief requested herein has been previously made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Chapter 7 Trustee prays for an Order approving all the relief requested herein, and for such other, further and difference relief as this Court may deem just and proper.

Dated:  Katonah, New York
        February 4, 2020

                                        Marianne T. O'Toole,
                                        as Chapter 7 Trustee

                                        _____/s/ Andrew D. O'Toole_____
                                        O'Toole + O'Toole PLLC
                                        22 Valley Road
                                        Katonah, New York 10536
                                        Telephone: (914) 232-1511

                                        *Counsel for the Chapter 7 Trustee*