**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                            Chapter 7

BRADLEY C. REIFLER,                                   Case No.: 17-35075 (CGM)

        Debtor.
------------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF BRADLEY
C. REIFLER,

        Plaintiff,

   – against –                                              Adv. Pro. No.: 19-9003 (CGM)

BRADLEY REIFLER, NANCY REIFLER,
LISETTE ACKERBERG and/or John Doe No. 1
and 2, as Trustee of the ACKERBERG
IRREVOCABLE TRUST FBO KELSEY
REIFLER; BRADLEY REIFLER, NANCY
REIFLER, LISETTE ACKERBERG and/or John
Doe No. 3 and 4, as Trustee of the ACKERBERG
IRREVOCABLE TRUST FBO COLE REIFLER;
BRADLEY REIFLER, NANCY REIFLER,
LISETTE ACKERBERG and/or John Doe No. 5
and 6, as Trustee of the ACKERBERG
IRREVOCABLE TRUST FBO PAIGE REIFLER;
BRADLEY REIFLER, NANCY REIFLER and/or
John Doe No. 7 and 8, as Trustee of the BRADLEY
C. REIFLER CHILDREN'S TRUST; BRADLEY
REIFLER, NANCY REIFLER and/or John Doe
No. 9 and 10, as Trustee of the BRADLEY
REIFLER CHILDREN'S TRUST NO. 1; KELCOP
LP; KELCOP FAMILY LLC a/k/a KELCOP LLC;
NANCY REIFLER, KELSEY REIFLER; COLE
REIFLER; EGIAP LLC; POCLEK, LLC;
LISETTE ACKERBERG, and JOHN DOES 11-20,

        Defendants.
------------------------------------------------------------x

**DEFENDANT KELSEY REIFLER, COLE REIFLER,
AND EGIAP LLC'S POST-HEARING BRIEF IN OPPOSITION TO THE
IMPOSITION OF SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

GOLDENBERG LAW, P.C.

345 Seventh Avenue, 3rd Floor
New York, NY 10001
Telephone: (212) 906-4499

*Attorneys for Defendants Kelsey Reifler,
Cole Reifler, and EGIAP LLC*

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................. 1

    A.   The Adversary Proceeding ................................................................................... 1

    B.   Trustee's Motion to Compel and Related Hearing ............................................... 2

    C.   Trustee's Motion for Contempt and Related Hearing .......................................... 5

    D.   Reifler Children First Become Aware of the Contempt Order After it is Entered by the Court .................................................................................................................. 6

    E.   The Contempt Order is Appealed and Vacated ................................................... 6

    F.   Order to Show Cause and Hearing ....................................................................... 7

ARGUMENT ...................................................................................................................... 9

    A.   Sanctions Should Not be Imposed on the Reifler Children ................................. 9

        1.   Factor 1: Willful Noncompliance ............................................................. 10

        2.   Factor 2: Efficacy of Lesser Sanctions ..................................................... 12

        3.   Factor 3: Duration of Period of Noncompliance ..................................... 12

        4.   Factor 4: Warning of Consequence of Noncompliance .......................... 13

    B.   Sanctions Should be Imposed Against Siegel (Not the Reifler Children) .......... 13

    C.   Holding the Reifler Children Jointly and Severally Liability for Monies they Did Not Receive is a Punitive and Inappropriate Sanction ............................................ 14

    D.   The Reifler Children Plan to Appeal the Order Awarding Expenses ................ 15

CONCLUSION ................................................................................................................. 15

## **TABLE OF AUTHORITIES**

*Agiwal v. Mid Island Mortg. Corp.*,
  555 F.3d 298 (2d Cir. 2009) .................................................................................................. 10

*Chesa Int'l, Ltd. v. Fashion Assocs.*,
  425 F. Supp. 234 (S.D.N.Y. 1977) ........................................................................................ 13

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
  602 F.2d 1062 (2d Cir. 1979) ................................................................................................ 11

*Cunningham v. Hamilton County*,
  527 U.S. 198 (1999) ............................................................................................................... 15

*Dodson v. Runyon*,
  86 F.3d 37 (2d Cir. 1996) ...................................................................................................... 12

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
  973 F.2d 155 (2d Cir. 1992) .................................................................................................. 14

*Honeycutt v. United States*,
  137 S. Ct. 1626 (2017) ........................................................................................................... 14

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*,
  845 F.2d 1172 (2d Cir. 1988) ................................................................................................ 10

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Securities, LLC*,
  685 F. Supp. 2d 456 (S.D.N.Y. 2010) ................................................................................... 10

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
  306 F.3d 99 (2d Cir. 2002) ...................................................................................................... 9

*Scantibodies Lab., Inc. v. Church & Dwight Co.*,
  2016 U.S. Dist. LEXIS 154396 (S.D.N.Y. 2016) ................................................................. 13

*SEC v. Setteducate*,
  419 Fed. Appx. 23 (2d Cir. 2011) ......................................................................................... 10

*SEC v. Smith*,
  710 F.3d 87 (2d Cir. 2013) .................................................................................................... 15

*Simmons v. Abruzzo*,
  49 F.3d 83 (2d Cir. 1995) ...................................................................................................... 12

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*,
  357 U.S. 197 (1958) ............................................................................................................... 11

*Thompson v. Jam. Hosp. Med. Ctr.*,
  2015 U.S. Dist. LEXIS 157304 (S.D.N.Y. 2015) ................................................................. 10

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*,
    109 F.3d 105 (2d Cir. 1997) ................................................................................................ 14

*Yeboah v. U.S.*,
    2000 U.S. Dist. LEXIS 15400 (S.D.N.Y. 2000) ................................................................... 13

Rules

Fed. R. Civ. P. 26 ............................................................................................................................ 4, 5
Fed. R. Civ. P. 37 .......................................................................................................................... *passim*
N.Y. Rule 1.4 of Professional Conduct........................................................................................ 13
N.Y. Rule 1.7 of Professional Conduct.......................................................................................... 9

Defendants Kelsey Reifler ("Kelsey"), Cole Reifler ("Cole"), and EGIAP LLC ("EGIAP,", and together with Kelsey and Cole, the "Reifler Children") respectfully submit this post-hearing brief in opposition to the imposition of sanctions against them pursuant to Fed. R. Civ. P. 37.

Rule 37 sanctions against the Reifler Children should be denied because any purported noncompliance with the Compelling Order[1] was neither willful nor done in bad faith or with fault on the part of the Reifler Children.

## BACKGROUND

### A. The Adversary Proceeding

On January 19, 2019, Chapter 7 Trustee Marianne O'Toole (the "Trustee") commenced an adversary proceeding (the "Adversary Proceeding") against Defendants[2] seeking, among other things, the avoidance and recovery of alleged transfers totaling $9,320,516 from Debtor to Defendants. ECF Doc. 1. Defendants filed a single Answer to the Complaint. ECF Doc. 4. The Answer was filed by Michael Siegel ("Siegel") who listed himself as "Attorneys for Defendants." *Id.* at 13.

Siegel did not have retainer agreements with the Reifler Children, nor did he communicate with them about the Adversary Proceeding, including the Complaint or the filing of the Answer.

---

[1] The "Compelling Order" refers to the Order Granting Motion by the Chapter 7 Trustee Pursuant to Rule 37 dated October 31, 2019. *See* ECF Doc. 40.

[2] Bradley Reifler ("Debtor"), Nancy Reifler, Lisette Ackerberg and/or John Doe No. 1 and 2, as Trustee of the Ackerberg Irrevocable Truste FBO Kelsey Reifler; Bradley Reifler, Nancy Reifler, Lisette Ackerberg and/or John Doe No. 3 and 4, as Trustee of the Ackerberg Irrevocable Truste FBO Cole Reifler; Bradley Reifler, Nancy Reifler, Lisette Ackerberg and/or John Doe No. 5 and 6, as Trustee of the Ackerberg Irrevocable Truste FBO Paige Reifler; Bradley Reifler, Nancy Reifler and/or John Doe No. 7 and 8, as Trustee of the Bradley C. Reifler Children's Trust; Bradley Reifler, Nancy Reifler and/or John Doe No. 9 and 10, as Trustee of the Bradley Reifler Children's Trust No. 1; Kelcop LP; Kelcop Family LLC a/k/a Kelcop LLC; Nancy Reifler, Kelsey Reifler; Cole Reifler; EGIAP LLC; Poclek, LLC; Lisette Ackerberg, and John Does 11-20.

1

Hrg. Tr.[3] at 86:19-21 (Cole unaware that Siegel filed Answer on his behalf); 152:21-23 (Cole unaware of Complaint); 153:23-24 (Siegel confirming there is no retainer agreement with the Reifler Children); 163:6-13 (Kelsey testifying she had no communications with Siegel, did not sign a retainer agreement with Siegel, and was unaware Siegel was acting as her attorney); 214:4-13 (Kelsey did not recall ever seeing the Complaint prior to retaining new counsel).

### B. Trustee's Motion to Compel and Related Hearing

In June 2019, the Trustee provided Siegel with interrogatories and document requests due July 12, 2019, as well as notices of deposition for certain Defendants. Siegel produced nothing prior to the July 12 deadline. On July 26, 2019, Siegel attached responses to interrogatories and documents requests for a separate defendant in another adversary proceeding.

Following a pretrial conference in which this Court instructed the Trustee to make a motion to compel compliance with the discovery requests, in August 2019, the Trustee moved for an order pursuant to Fed. R. Civ. P. 37 to compel Defendants to respond to the interrogatories and document requests, appear for depositions, and for sanctions and related relief, including attorneys' fees and to strike Defendants' answer. ECF Doc. 18. Siegel did not notify the Reifler Children of the Motion to Compel or the Trustee's discovery requests. Cole Decl. ¶¶ 7(a)-(c) (ECF Doc. 102); Paige Decl., ¶¶ ¶¶ 7(a)-(c) (ECF Doc. 103); Kelsey Decl., ¶¶ 7(a)-(c) (ECF Doc. 104); Hrg. Tr. 26:19-27:4 (Cole stating he had no communications with Siegel and was seeing him for the first time in Court); 49:2-9 (Cole did not discuss answer to interrogatories with Siegel); 213:2-18 (Siegel did not inform Kelsey of the discovery orders or Contempt Order); 226:23-227:3 (Paige unaware that Siegel was representing EGIAP in Court and had never spoken to Siegel).

---

[3] "Hrg Tr." refers to the Order to Show Cause hearing dated July 26, 2021.

2

On or about August 15, 2019, Siegel provided answers to the Trustee's interrogatories on behalf of the Reifler Children. Cole Decl., Ex. 4; Paige Decl., Ex. 4; Kelsey Decl., Ex. 4. Siegel did not communicate or advise the Reifler Children what they were signing. Kelsey Decl., ¶ 7(b); Cole Decl., ¶ 7(b); Paige Decl., ¶ 7(b); Hrg. Tr. at 49-2-9. In fact, Siegel had no communications with the Reifler Children about the interrogatories or any other discovery demand. The Reifler Children's father, Bradley Reifler (Debtor), asked them to answer, review, and sign the interrogatories. Hrg. Tr. at 174:23-175:4. The Reifler Children followed their father's instructions to assist him through his bankruptcy, all the while believing that they were not parties to the Adversary Proceeding.

On or about September 9, 2019, Siegel provided initial disclosures on behalf of all Defendants, including the Reifler Children. Kelsey Decl., Ex. 1; Cole Decl., Ex. 1; Paige Decl., Ex. 1. Siegel did not provide individual initial disclosures for the Reifler Children and did not communicate with the Reifler Children about their initial disclosure obligations. Kelsey Decl., ¶ 7(a); Cole Decl., ¶ 7(a); Paige Decl., ¶ 7(a); Hrg. Tr. at 96:9-12.

Between August 2019 and September 2019, at their father's request, the Reifler Children provided all documents reflecting any payments the Debtor made to them during the relevant time period. Kelsey Decl., ¶ 7(b); Cole Decl., ¶ 7(b); Paige Decl., ¶ 7(b). EGIAP produced 456 pages of clear and legible documents responsive to the Trustee's document requests. Paige Decl., ¶ 7(b); Hrg. Tr. 245:9-13 (Defs. Ex. 3). Cole produced 375 pages of clear and legible documents responsive to the Trustee's document requests. Cole Decl., ¶ 7(b); Hrg. Tr. at 141:23-143:8 (Defs. Ex. 1). Kelsey produced 307 pages of clear and legible documents responsive to the Trustee's document requests. Kelsey Decl., ¶ 7(b); 205:4-7 (Defs. Ex. 2).

3

Unbeknownst to the Reifler Children, however, Siegel sent the documents to the Trustee's counsel in a series of disorganized group emails without Bates stamps or other ways to identify which documents were being produced for which Defendant. Hrg. Tr. 245:25-246:3. The Court characterized Siegel's production as "sloppy work." *Id*. at 284:2-5 ("Don't blame somebody else for the kind of sloppy work that's being done."). As for formal responses to the Trustee's document demands, Siegel did not provide any. Kelsey Decl., ¶ 7(b); Cole Decl., ¶ 7(b); Paige Decl., ¶ 7(b); Hrg. Tr. at 192:22-193:3.

On October 29, 2019, the Court held a hearing on the Motion to Compel and ruled Defendants' Rule 26 disclosures were incomplete and the documents produced by Siegel were not attributed to any specific Defendant. The Court also noted some of the documents were illegible. At the conclusion of the hearing, the Court told Siegel that his clients would need to comply with the Trustee's discovery requests by the next scheduled hearing on December 3, 2019.

A few days later, on October 31, 2019, the Court issued the Compelling Order, which required the Family Defendants to: (i) provide their initial disclosures within seven days; (ii) serve "proper, complete and signed document requests and interrogatory responses for each family defendant, together with any responsive documents by defendant or within the custody, possession and/or control of that family defendant" within fourteen days; and (iii) pay the reasonable attorneys' fees of the Trustee's counsel in connection with its attempts to obtain discovery. ECF Doc. 40. Shockingly, Siegel did not inform the Reifler Children of the Compelling Order or the time-sensitive deadlines imposed by this Court and took no steps to ensure the Reifler Children complied with the Order. Kelsey Decl., ¶ 7; Cole Decl., ¶ 7; Paige Decl., ¶ 7; Hrg. Tr. 101:14-21 (Cole was unaware of the Compelling Order before late December 2019); 213:2-18 (Siegel did not advise Kelsey of the Discovery Orders or Contempt Order).

4

On November 14, 2019, the Bankruptcy Court entered an order awarding the Trustee's counsel expenses incurred in connection with bringing the Motion to Compel ("Order Awarding Expenses"). ECF Doc. 42. The Order Awarding Expenses directed Defendants to pay the Trustee's counsel within fourteen days. *Id*. Again, Siegel did not inform the Reifler Children of the Order Awarding Expenses. Kelsey Decl., ¶ 7; Cole Decl., ¶ 7; Paige Decl., ¶ 7; Hrg. Tr. 213:2-18.

The Reifler Children took no immediate action in response to the Compelling Order or the Order Awarding Expenses (collectively, the "Discovery Orders") because Siegel did not advise them of the Discovery Orders.

### C. Trustee's Motion for Contempt and Related Hearing

In December 2019, the Trustee moved to hold Defendants, including the Reifler Children, in contempt, to strike their answer, and to enter judgment against them, jointly and severally ("Contempt Motion"). ECF Doc. 48. Siegel filed opposition papers, arguing that Defendants had produced complete responses to the discovery demands and were financially unable to comply with the Order Awarding Expenses. ECF Doc. 53. Siegel prepared and submitted the opposition papers without consulting the Reifler Children.

On December 17, 2019, this Court held a hearing on the Contempt Motion. At the hearing, the Court struck Defendants' answer and entered a default judgment against Defendants for their purported failure to comply with the Compelling Order.

A week later, on December 26, 2019, the Court issued an order (the "Contempt Order") which states, in relevant part, that Defendants "have each willfully failed to comply with the [Compelling Order] and [Order Awarding Expenses]." ECF Doc. 57 at 2. In addition, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi), the Contempt Order struck Defendants' answer, entered

5

default judgment against each Defendant, and entered final judgment against each Defendant, jointly and severally, in the amount of $9,320,516.59. *Id*. at 3.

### D. Reifler Children First Become Aware of the Contempt Order After it is Entered by the Court

In late December 2019, the Reifler Children first became aware that the Trustee had filed the Motion to Compel, which resulted in the Discovery Orders and subsequent Contempt Order. Kelsey Decl., ¶ 4; Cole Decl., ¶ 4; Paige Decl., ¶ 4; Hrg. Tr. 21:8-12 (Cole testifying that father informed him of Discovery Orders); 51:10-18 (Cole unaware of Compelling Order until after Contempt Order was issued); 158:16-20 (Kelsey first became aware of Contempt Order in late December through her father).

In or about January 2020, the Debtor explained to the Reifler Children that they were joint and severally liable for approximately $9 million. Kelsey Decl., ¶ 5; Cole Decl., ¶ 5; Paige Decl., ¶ 5. The reality of this dire situation set in and the Reifler Children proceed to act immediately.

### E. The Contempt Order is Appealed and Vacated

In response to Siegel's failure to protect and adequately represent the Reifler Children, the Reifler Children retained new counsel, Gabriel Del Virginia ("Del Virginia"), after Siegel proceeded to file a notice of appeal to vacate the Contempt Order on behalf of the Reifler Children. Hrg. Tr. at 169:2-5 (Kelsey testifying Siegel filed appeal without her knowledge or consent).

On March 31, 2021, the District Court issued an order (the "Appeal Order") vacating the Contempt Order and remanded to this Court for further proceedings to provide an analysis of the Rule 37 factors that would support imposition of discovery sanctions. Specifically, the District Court held this Court abused its discretion by not considering the efficacy of lesser sanctions or whether the Reifler Children willfully disobeyed the Discovery Orders, especially where the

6

Trustee's counsel presciently pointed out that it was unclear whether the Reifler Children had any "personal knowledge of the Court's Orders." Goldenberg Aff., Ex. B at 5:18-21.

### F. Order to Show Cause and Hearing

On May 18, 2021, this Court issued an Order to Show Cause that required Defendants, including the Reifler Children, to appear for a hearing on July 26, 2021 (the "OSC Hearing") and show cause why the sanctions entered by this Court in the Contempt Order were not appropriate under the Rule 37 Factors. ECF Doc. 97 at 3-4.

Prior to the OSC Hearing, in late June 2021, the Reifler Children retained new counsel to replace Del Virginia, Andrew Goldenberg ("Goldenberg"). Shortly thereafter, the Reifler Children met with Goldenberg in-person at his office (Hrg. Tr. 140:1-4; 202:14-16; 241:8-10) where they reviewed in detail the Discovery Orders and the Trustee's document requests to ensure all responsive discovery was produced (Hrg. Tr. 140:5-13; 203: 12-17; 241:19-21).

After Goldenberg demanded from Siegel the responsive documents he produced to the Trustee a few years prior, and Siegel gave Goldenberg the documents in the same disorganized way he transmitted the information to the Truste (which took Goldenberg many hours to sort through), the Reifler Children realized that all responsive documents had already been produced to the Trustee.[4]

Within just weeks of retaining new counsel, the Reifler Children produced all documents that were previously produced now with Bates stamps marked "COLE_####," "KELSEY_####," and "EGIAP_####" so that it was clear which documents were being produced for which Reifler Child. Goldenberg Aff., Ex. C (July 7, 2021 Email to O'Toole). The Reifler Children also

---

[4] All documents were produced in August and September, 2019 with the exception of 185 pages of new documents produced by EGIAP in July 2021 which show EGIAP's income was derived solely from Paige's modeling income (not from the Debtor). Hrg. Tr. at 245:19-23.

produced objections and responses to the Trustee's document demands, along with individual initial disclosures. *Id.*; *see also* Kelsey Decl., Exs. 2, 3; Cole Decl., Exs. 2, 3; Paige Decl., Exs. 2, 3.

On July 26, 2021, the Reifler Children appeared for the OSC Hearing. The Trustee's counsel examined each Reifler Child and questioned their knowledge and understanding of the Adversary Proceeding, their communications (or lack thereof) with Siegel, and when and how they became aware of the Discovery Orders and subsequent Contempt Order. Each testified that prior to entry of the Contempt Order, they did not know they were parties to a lawsuit[5], had no communications with Siegel before the Discovery Orders and Contempt Order were issued[6], and had no knowledge of the Discovery Orders[7] until after the Contempt Order was issued.

The Reifler Children also testified about the responsive documents they produced two years prior, and reproduction of those same documents in July 2021 that were presented at the OSC Hearing to the Court and Trustee in "two full boxes" in an organized manner with Bates Stamps that the Court said was "absolutely cleaned up from what was given to us [by Siegel] in October 2019." Hrg. Tr. at 268:6-19; 281:19-23.

---

[5] Hrg. Tr. 20:17-24 (Cole stating the first time he became aware of "individual exposure" in the Adversary Proceeding was in February 2020); Hrg Tr. 159:21-23 (Kelsey testifying that she first became aware she was a party in the Adversary Proceeding in late December 2019); Hrg. Tr. at 225:6-10 (Paige testifying she did not "find [her]self personally represented by Mr. Siegel in this lawsuit, no.").

[6] Hrg. Tr. 26:19-27:4; 49:4-9(Cole testifying prior to February 2020 he had no communications with Siegel and was seeing him for the first time at the OSC Hearing); Hrg. Tr. at 213:18 (Kelsey stating Siegel never informed her of the Discovery Orders or Contempt Order); Hrg. Tr. at 226:20-227:3 (Paige testifying she was not aware Siegel was representing EGIAP and never had any communications with Siegel).

[7] Hrg. Tr. 68:2-6 (Cole testifying that he learned about the Contempt Order through his parents in late December 2019); Hrg. Tr. 158:16-20 (Kelsey stating she was not aware of the sanction motions until late December 2019); Hrg. Tr. 171:15-22 (Kelsey testifying the first time she saw the Compelling Order in its entirety was at Goldenberg's office in July 2021); Hrg. Tr. at 248:9-13 (Paige stating she saw the Discovery Orders and Contempt Order for the first time in July 2021).

The Trustee's counsel also questioned the Reifler Children as to whether they had a formal engagement letter with Siegel. Siegel admitted he had no engagement letters with the Reifler Children. Hrg. Tr. at 23-24. The Court then ordered the Trustee to issue Siegel a subpoena demanding production of any retainer agreements Siegel had with Defendants. Hrg. Tr. at 153:25-154:1. Siegel produced one retainer letter dated March 29, 2018 between his firm and the Debtor. The retainer letter states, in relevant part:

> There are also conflict issues here. I am appearing as your [Debtor] lawyer only. If the investigation turned to your companies, or your family [*e.g.*, the Reifler Children], those entities would either need to represent themselves or have a separate lawyer.

Goldenberg Aff., Ex. D (Siegel Retainer Letter).

Notwithstanding Siegel's admitted conflicts, which this Court recognized in a prior discovery hearing[8], Siegel proceeded to simultaneously represent the Debtor and appear as counsel of record for the Reifler Children, without informed written consent. *See* Rule 1.7 of New York Rules of Professional Conduct (Conflict of Interest: Current Clients).

## ARGUMENT

### A. Sanctions Should Not be Imposed on the Reifler Children

Fed. R. Civ. P. Rule 37(b)(2) provides for the possibility of sanctions where a party or party's representative "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). A court has "discretion in fashioning an appropriate sanction" under Rule 37. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

In exercising its discretion under Rule 37, a court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3)

---

[8] ECF Doc. 44 at 12:25-13:3 ("THE COURT: You [Siegel] may have some conflicts here, but I'm not addressing that today, because how can you represent each one of them [referring to the Reifler Children and trust entities]? I'm struggling with that. But that's not our issue today.").

9

the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *SEC v. Setteducate*, 419 Fed. Appx. 23, 24 (2d Cir. 2011) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

"[A] court should always impose the least harsh sanction that can provide an adequate remedy." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Securities, LLC*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010). "The choices include – from least harsh to most harsh – further discovery, cost-shifting fines, special jury instructions, preclusion, and the entry of default judgment or dismissal (terminating sanctions)." *Id.*

A terminating sanction is a "drastic remedy" that "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *Pension*, 685 F. Supp. 2d at 469-70. Termination sanctions are reserved for extreme situations, such as those involving "willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal*, 555 F.3d at 302 (internal quotation marks and citation omitted).

1. *Factor 1: Willful Noncompliance*

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Thompson v. Jam. Hosp. Med. Ctr.*, 2015 U.S. Dist. LEXIS 157304 (S.D.N.Y. 2015) (citation omitted).

As an initial matter, it is important to note that the Reifler Children have produced all responsive documents to the Trustee in their possession, custody and control[9] which the Trustee has had for several years now. The Reifler Children have also produced individual initial

---

[9] Kelsey Decl., ¶ 7(b); Cole Decl., ¶ 7(b); Paige Decl., ¶ 7(b).

10

disclosures, responded to the interrogatories and document demands, and have offered to make themselves available for depositions. The Reifler Children have made good faith efforts to comply with their discovery obligations and these acts clearly do not demonstrate the type of willful noncompliance or bad faith that warrants a severe and drastic dismissal sanction.

To the extent this Court finds the Reifler Children did not comply with the Discovery Orders, the noncompliance was because their counsel failed to inform them of the Discovery Orders. Terminating sanctions are not appropriate "[w]here the party makes good faith efforts to comply, and is thwarted by circumstances beyond his control.[.]" *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (failure to comply may be excused if defendant made "good faith efforts to comply" or if compliance was "thwarted by circumstances beyond his control"). This is because "[i]t would … be unfair and irrational to prevent a party from being heard solely because of a nonculpable failure to meet the terms of a discovery order." *Id.; see also Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958). Here, any non-compliance by the Reifler Children with the Discovery Orders was a result not of any willful disobedience or bad faith on their part, but of circumstances, including an attorney who did not inform them of the Discovery Orders, beyond their control.

It is undisputed that Siegel took no steps to protect his clients and ensure they timely complied with their discovery obligations. Siegel's failures resulted in the Contempt Order and Default Judgment. Siegel did not communicate with the Reifler Children who were kept in the dark as to the existence of the Discovery Orders and Contempt Order. Had the Reifler Children been informed of the Discovery Orders when they were entered, they would have made every effort to ensure compliance.

11

2. *Factor 2: Efficacy of Lesser Sanctions*

Rule 37 provides for a range of discovery sanctions from attorneys' fees and expenses to the draconian penalty of a default judgment. Fed. R. Civ. P. 37(b)(2). However, "[a] district judge should employ [dismissal] only when [she] is sure of the impotence of lesser sanctions" or no sanctions at all. *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)). "Dismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a *pro se* litigant, that violation of the court's order will result in a dismissal." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (citation omitted).

Here, the Court should not enter a default judgment against the Reifler Children because noncompliance was not willful. The Reifler Children were not informed of the Discovery Orders by prior counsel. Their new counsel, Goldenberg, immediately reached out to the Trustee and provided (i) a reproduction of previously produced documents in a clear and organized manner; (ii) new documents produced by EGIAP; (iii) individual initial disclosures; (iv) responses and objections to document demands; (v) answers to interrogatories previously produced; and (vi) expressed his clients' willingness to sit for depositions. All of these acts show attempts to comply with the Discovery Orders. The Reifler Children's conduct simply does not rise to a level of willful contempt sufficient any sanction, let alone a terminating sanction.

3. *Factor 3: Duration of Period of Noncompliance*

The Reifler Children substantially complied with the Discovery Orders over two years ago. They produced hundreds of pages of responsive documents in August and September, 2019 to the Trustee's counsel, along with answers to interrogatories.

12

After being informed of the Contempt Order and the finding of joint and several liability in December 2019 and January 2020, respectively, the Reifler Children retained new counsel and appealed the Contempt Order. After the Contempt Order was vacated by the District Court, the Reifler Children retained Goldenberg and proceeded to comply with all parts of the Compelling Order that they had only recently been made aware of.

The Reifler Children have made every attempt to actively participate in this Adversary Proceeding after realizing they were named Defendants and have complied with the Discovery Orders. Any delay in compliance has not prejudiced the Trustee.

4. *Factor 4: Warning of Consequence of Noncompliance*

The Reifler Children were not warned of the consequence of a default judgment. While the Compelling Order states that if the Reifler Children did not comply with the Order, their Answer would be "stricken and/or a default judgment" would be entered, the Reifler Children did not receive this warning because Siegel failed to inform them of the Compelling Order.

**B. Sanctions Should be Imposed Against Siegel (Not the Reifler Children)**

Courts have sanctioned attorneys who willfully disregard discovery orders and held them personally liable for attorneys' fees and costs. *See, e.g.*, *Scantibodies Lab., Inc. v. Church & Dwight Co.*, 2016 U.S. Dist. LEXIS 154396, at *128 (S.D.N.Y. 2016) (Rule 37 award of attorneys' fees and costs imposed against counsel); *Chesa Int'l, Ltd. v. Fashion Assocs.*, 425 F. Supp. 234, 238 (S.D.N.Y. 1977) (affirming sanctions against attorney); *Yeboah v. U.S.*, 2000 U.S. Dist. LEXIS 15400 (S.D.N.Y. 2000) (imposing Rule 37 monetary sanctions on counsel only).

Here, the record is clear: Siegel failed to have any communications with the Reifler Children. *See* Rule 1.4 of New York Rules of Professional Conduct (Communications). Siegel failed to advise the Reifler Children that (i) he was acting as their counsel and appeared on their

13

behalf in the Adversary Proceeding; (ii) they were named Defendants in the Adversary Proceeding; (iii) the Trustee had issued discovery demands on the Reifler Children; (iv) the Trustee filed the Motion to Compel; (v) the Court issued the Compelling Order and the Order Awarding Expenses; and (vi) the Court issued the Contempt Order which held the Reifler Children personally liable for $9,320,516.  Such willful noncompliance with the discovery process should result in holding only Siegel liable for any sanctions this Court deems appropriate.

### C. Holding the Reifler Children Jointly and Severally Liability for Monies they Did Not Receive is a Punitive and Inappropriate Sanction

"[A]lthough 'a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.' *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (emphasis added).  Thus, although it is not necessary for a court to conduct an inquest as to damages, the court must ensure 'there was a basis for the damages specified in the default judgment.' *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).  Joint and several liability is properly imposed when 'two or more defendants jointly cause harm,' and accordingly, 'each defendant is held liable for the entire amount of the harm, provided, however, that the plaintiff recover only once for the full amount.'" *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017)."  Goldenberg Decl., Ex. A (Appeal Order at 15).

In the Appeal Order, the District Court held that this Court abused its discretion by imposing joint and several liability because (i) the Complaint does "not allege every fraudulent transfer involved all Appellants'"; (ii) the Complaint does not seek to "hold all Appellants jointly and severally liable"; and (iii) this Court did not address whether there was a basis in the Complaint for the damages sought in the default judgment. *Id*. at 15-17.

14

At the OSC Hearing, the Trustee's counsel did not address the omissions in the Complaint concerning joint and several liability, nor did he address whether there was a basis in the Complaint for imposing a $9+ million punitive sanction against the Reifler Children.

Based on the foregoing, the Reifler Children should not be held joint and severally liable and their exposure should be limited to the money transfers they allegedly received.

### D. The Reifler Children Plan to Appeal the Order Awarding Expenses

At the OSC Hearing, the Trustee's counsel questioned the Reifler Children as to why they had not paid the attorneys' fees and expenses set forth in the Order Awarding Expenses. The reason is straightforward: the Order Awarding Expenses was not a final order that could be appealed. *SEC v. Smith*, 710 F.3d 87, 95-96 (2d Cir. 2013) (court lacks jurisdiction over immediate appeals from orders imposing sanctions); *see also Cunningham v. Hamilton County*, 527 U.S. 198, 205, 210 (1999). When there is a final order to appeal on this issue, the Reifler Children intend to appeal it.

### CONCLUSION

For the foregoing reasons, the Court should not impose and sanctions against the Reifler Children.

Dated: New York, New York
October 21, 2021

                                    GOLDENBERG LAW, P.C.

                                    By: /s/ Andrew R. Goldenberg
                                    Andrew R. Goldenberg
                                    345 Seventh Avenue, 3rd Floor
                                    New York, New York 10001
                                    Telephone: (212) 906-4499
                                    Email: goldenberg@glawnyc.com

                                    *Attorneys for Defendants Kelsey Reifler,
                                    Cole Reifler, and EGIAP LLC*

15