UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re:                                                                   :   Chapter 7
                                                                         :
BRADLEY C. REIFLER                                                       :
                                                                         :   No. 17-35075 (CGM)
          Debtor.                                                    :
------------------------------------------------------------------------x
                                                                         :
MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE                                :
OF THE ESTATE OF BRADLEY REIFLER,                                        :   Adv. Pro. No. 19-9003 (CGM)
                                                                         :
          Plaintiff,                                                 :
                                                                         :
BRADLEY REIFLER, NANCY REIFLER, AND/OR                                   :
JOHN DOE NO. 1 AND 2, as Trustee of the Ackerberg                        :
Irrevocable Trust FBO Kelsey Reifler; BRADLEY REIFLER,                   :
NANCY REIFLER, AND/OR JOHN DOE NO. 3                                     :
AND/OR 4, as Trustee of the Ackerberg Irrevocable Trust                  :
FBO Cole Reifler; BRADLEY REIFLER, NANCY REIFLER,                        :
AND/OR JOHN DOE NO. 5 AND 6, as Trustee of the                           :
Ackerberg Irrevocable Trust FBO Paige Reifler;                           :
BRADLEY REIFLER, NANCY REIFLER,                                          :
AND/OR JOHN DOE NO. 7 AND 8, as Trustee of the                           :
Bradley C. Reifler Children's Trust; BRADLEY REIFLER,                    :
NANCY REIFLER AND/OR JOHN DOE NO. 9 AND 10,                              :
as Trustee of the Bradley Reifler Children's Trust No. 1;                :
KELCOP LP; KELCOP FAMILY LLC a/k/a                                       :
KELCOP LLC, NANCY REIFLER, KELSEY REIFLER;                               :
COLE REIFLER; EGIAP LLC; POCLEK, LLC, and                                :
JOHN DOES 11-20,                                                         :
                                                                         :
         Defendants.                                                :
------------------------------------------------------------------------x

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

                                                                  O'TOOLE + O'TOOLE PLLC
                                                                   Marianne T. O'Toole Esq.
                                                                   Andrew D. O'Toole, Esq.
                                                                   2 Depot Plaza, Suite 2F
                                                                   Bedford Hills, NY 10507
                                                                   Telephone:  (914) 232-1511
                                                                   Facsimile:  (914) 232-1599
                                                                   Email:  motoole@otoolegroup.com
                                                                             aotoole@otoolegroup.com

                                                                  *Attorneys for Plaintiff*
                                                                  *Marianne T. O'Toole, as Chapter 7 Trustee*

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This matter comes before this Court by Order to Show Cause (ECF 97)[1] to determine what sanctions are appropriate, pursuant to Federal Rule of Civil Procedure 37 and/or this Court's inherent authority, based on each of the Family Defendants'[2] continued failure to comply with this Court's two discovery orders, specifically the October 31, 2019 Order Granting Plaintiff's Motion to Compel, Pl. Ex. 36[3] (ECF 40) (the "Compelling Order") and the November 14, 2019 Order Awarding Expenses, Pl. Ex. 37 (ECF 42) ("Order Awarding Expenses").[4]

2. Discovery is not a game of catch me if you can or whack-a-mole. Our judicial system and the rule of law depend on the faithful adherence to the discovery requirements imposed under the Federal Rules of Civil Procedure and this Court's discovery orders. Discovery abuses like those now before this Court waste the parties' and Court's limited time and precious resources. Parties and the counsel they choose owe this Court and their adversaries an obligation to be truthful and diligent when they sign and submit discovery responses, file documents, and make representations to the Court. Moreover, parties and

---

[1] "ECF __" refers to the page numbers automatically assigned by the Court's ECF system.

[2] The "Family Defendants" are: (1) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Kelsey Reifler, (2) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Cole Reifler; (3) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Paige Reifler; (4) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley C. Reifler Children's Trust; (5) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley Reifler Children's Trust No. 1; (6) KELCOP LP, a partnership with Kelsey Reifler as general partner, and Kelsey Reifler, Cole Reifler and Paige Reifler, as its limited partners, (7) KELCOP FAMILY LLC, in which Kelsey Reifler purportedly became its sole member right before the Petition Date, (8) Nancy Reifler, (9) POCLEK, LLC, a limited liability company formed in 2014 combining the first initials of his three adult children, (10) Kelsey Reifler, (11) Cole Reifler, (12) EGIAP LLC, an entity owned by Paige Reifler, and (13) other John Does 1-20 defendants. The complaint originally named Lisette Ackerberg, Bradley Reifler's mother, but Ms. Ackerberg, who was represented by separate counsel, settled by agreeing to pay $900,000 to the Estate pursuant to the settlement agreement approved by the Court. ECF 82.

[3] "Pl. Ex. __" refers to the exhibits introduced during the July 26, 2021 Order to Show Cause hearing. To the extent any Pl. Ex. had been previously e-filed, the "ECF __" is also indicated. The transcript has been filed as ECF 110 and will be cited herein as "Tr. [page no.]:[line no.]" A list of Plaintiff's exhibits appears at Tr. 363-365. For ease of reference, a jump drive with a courtesy copy of the Plaintiff's exhibits and the three exhibits introduced by counsel for Kelsey, Cole Reifler and EGIAP LLC during the order to show cause will be delivered to Chambers.

[4] For consistency, the Court incorporates and adopts the defined terms as used by the District Court in its Opinion and Order, dated March 31, 2021 (ECF 92).

1

their counsel must comply with this Court's orders enforcing those discovery rules and obligations.

3. Unfortunately, this is not this Court's first or even second occasion to address very serious and troubling discovery abuses by Debtor, Bradley Reifler ("Debtor") arising within the context of his bankruptcy.[5] On May 4, 2018, the Bankruptcy Court entered an order in *North Carolina Mutual Life Insurance Company v. Reifler*, Adv. Proc. No. 17-9016 (CGM) granting a default judgment against Debtor, Bradley Reifler, including the denial of discharge of Debtor's liability to North Carolina Mutual and under Section 727(a)(4)(A), based Debtor's willful and intentionally destruction of emails and Electronically Stored Information both before and after the Petition Date. *See* Adv. Proc. No. 17-9016 (CGM), ECF 176; Adv. Proc. No. 19-9003 (CGM), ECF 26-2. In affirming that judgment, the District Court found that "the record makes abundantly clear that the Bankruptcy Court acted well within its discretion in concluding that Reifler destroyed evidence, that his conduct was sanctionable, and that default judgment was an appropriate sanction." *In re Reifler*, No. 18-cv-4711 (KMK), 2019 WL 396525, at 8 (S.D.N.Y. Jan. 31, 2019).[6] In addition, this Court entered final judgment in another adversary proceeding brought by the United States Trustee denying Debtor's discharge pursuant to 11 U.S.C. 727(a)(3) and (5) on the ground that Debtor concealed, destroyed, mutilated, falsified, or failed to keep, preserve any recorded information, including books, documents, records and papers from which Debtor's financial condition or business transactions might be ascertained. *Harrington v. Reifler*, No. 17-9030 (CGM), ECF 18 and 19.[7]

4. Based on the record before this Court, the Court finds that each of the Family Defendants have willfully and continuously failed to comply with the Compelling Order and Order Awarding Expenses. The Court does not countenance and cannot tolerate such blatant and conscious disregard of the discovery

---

[5] The Court presumes the parties' familiarity with the underlying facts and procedural history of this bankruptcy, including the docket in the main case and all of the adversary proceedings, including this one.

[6] This Court previously found that Debtor had purchased and ran a computer program called "Eraser," which not only permanently deleted the computer files, but any record of such files ever having existed. *In re Reifler,* 2019 WL 396525, at *7.

[7] Debtor initially appealed the Court's judgment entered in adversary proceeding brought by the Office of the United States Trustee, but later dismissed it with prejudice. *See Harrington v. Reifler*, No. 18-12302 (VB), ECF No. 16. In December 2020, Mr. Bradley was federally indicted in North Carolina and his criminal trial is now scheduled to begin on February 12, 2022. *United States v. Bradley C. Reifler,* No. 1:20 CR 512, M.D.N.C (Indictment, filed Dec. 1, 2020). Mr. Reifler is also the defendant in a SEC enforcement action, which is stayed pending of his criminal trial. *SEC v. Bradley C. Reifler*, No. 20-cv-511 (D. Nev., filed Mar. 12, 2020).

rules and this Court's Orders, particularly where the discovery reasonably sought goes to the very heart and essence of the claims alleged against the Family Defendants, namely that Debtor, Bradley Reifler and his family members and those entities or trusts used by them were used to obfuscate and hide property belonging to the Estate in the period before the Petition Date. The Family Defendants' monolith litigation strategy in which they chose to be represented by the same counsel and then rely on Bradley Reifler, their father or husband to be their "conduit" with that counsel was intentionally employed by each of the Family Defendants and employed by them to stymie the Plaintiff's efforts to discover facts to further support of the claims alleged in the complaint. Having willfully and recklessly chosen this litigation strategy and consciously disregarded their obligations when signing discovery responses and making representations through their chosen counsel to this Court, the Family Defendants, including, but not limited to, Kelsey Reifler, Cole Reifler and Paige Reifler, on behalf of EGIAP LLC, must each now live with the consequences of those decisions. Simply put, enough is enough.

5.   The Court does not find credible the self-serving and cleverly concocted testimony by Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC's, first ever suggested on July 12, 2021, when they submitted declarations with the aid of their most recent, substitute counsel, that they purportedly did not realize they were defendants in this action or obligated to comply with the discovery responses, even though each of them reviewed and signed clearly indicating that they were defendants and represented by their former counsel, Michael Siegel, Esq. from Siegel & Siegel PC ("Attorney Siegel"). Pl. Ex. 8 (ECF 102); Pl. Ex. 12 (ECF 104); Pl. Ex. 22 (ECF 103). At all relevant times through May 3, 2021, Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC, have been competent adults who intentionally signed and returned discovery responses issued in this case, which clearly indicated they are named defendants and identified Attorney Siegel was acting as their counsel[8] and knowingly relied on Bradley

---

[8]   From January 31, 2021 through May 3, 2021, Attorney Siegel appeared on behalf of and continuously represented each of the Family Defendants in this adversary proceeding, including Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC. ECF No. 4, 10, 24 and 53; Pl. Exs. 2, 4, 5, 17, 19, 25, 39, 40 and 41. On May 3, 2021, following remand, these three defendants signed and filed consent forms seeking to substitute Gabriel Del Virginia, Esq. for Attorney Siegel as their attorney. ECF 95. Thereafter, on June 21, 2021, these three defendants then substituted Attorney Goldenberg instead of Attorney Del Virginia. ECF 100. Even though Cole Reifler, Kelsey Reifler, and Paige Reifler, on behalf of EGIAP LLC do not purportedly recall whether they ever signed an engagement letter with Attorney Siegel, they concede in their own sworn declarations that Attorney Siegel was their "prior counsel," and each of

3

Reifler to serve as their "conduit" to Attorney Siegel. Having knowingly and intentionally engaged in this litigation strategy, they cannot now disclaim and ignore the consequences of their disregard for this Court, its orders, and their discovery obligations.

6.  Based the record before this Court, the Court finds that each of the Family Defendants, including, but not limited to, Kelsey Reifler, Cole Reifler, and Paige Reifler, on behalf of EGIAP LLC, have willfully failed to comply with this Court two prior orders and even now only pay lip service by expressing a desire to cooperate, without still complying with either order. Even now, following appeal of the Contempt Order and after being ordered to show cause, none of the Family Defendants have complied with either the Compelling Order or the Order Awarding Expenses.

7.  On December 26, 2019, this Court previously entered a Contempt Order finding that each of the Family Defendants had willfully failed to comply with the Compelling Order and Order Awarding Expenses; ordered that the Family Defendants' answer be stricken; and entered default judgment, jointly and severally, against each of the Family Defendants. ECF 57. The Family Defendants appealed the Contempt Order,[9] and on March 31, 2021, the District Court issued its Opinion and Order, vacating the Contempt

---

them signed at least one or more written discovery responses which clearly indicated that Attorney Siegel was representing them or entities they are members of. Pl. Ex. 8, ¶7.a (ECF 102); Pl. Ex. 12, ¶7.a (ECF 104); Pl. Ex. 22, ¶7.a (ECF 103). These three defendants are estopped from disclaiming otherwise now. Moreover, these three also expressly rely on and continue to rely on the filings and other actions Attorney Siegel made during his representation of them in this action. Pl. Ex. 8 (ECF 102-2, 102-4); Pl. Ex. 12 (ECF 104-2, 104-4); Pl. Ex. 22 (ECF 103-2, 103-4). In any event, these three defendants are bound by their litigation strategy, including their decision to have the same attorney represent them and the other Family Defendants before May 3, 2021. Within days following the order to show cause hearing, for some undisclosed reason, POCLEK LLC filed a notice substituting Attorney Goldenberg for Attorney Siegel, which was signed by Cole Reifler on behalf of defendant POCLEK LLC, even though days earlier during the order to show cause hearing Bradley Reifler . ECF 108. It was clear that the Family Defendants, themselves, have a difficult time keeping straight who is purportedly authorized to act or speak on behalf of the entities that Debtor created and used to try to conceal what was really going on and that his adult children are knowing and/or willing participants to assist those efforts. This is demonstrated for example by (1) POCLEK LLC's change of counsel following the order to show cause hearing; (2) and the fact Kelsey Reifler is purportedly the managing member of KELCOP FAMILY LLC and acquired that interest from her mother (Nancy Reifler) shortly before Debtor filed for bankruptcy (Pl. Ex. 15), but candidly admitted that she did not have any personal knowledge about that entity, notwithstanding the fact that she signed written discovery responses on behalf of that entity indicating it had no net worth (Pl. Ex. 17, Tr. 181-188).

[9]   The Family Defendants did not appeal the Compelling Order or the Order Awarding Expenses, but only appealed the Contempt Order. ECF 64 (Designation of Record and Statement of Issues on Appeal Pursuant to Rule 8009). The District Court's Opinion and Order did modify or otherwise limit either of these orders. ECF 92.

4

Order, and remanding this issue to this Court "to provide analysis of the Rule 37 factors supporting the impositions of the sanctions." ECF 92, 14.

8. Consistent with the District Court's Opinion and Order,[10] the Court issued an order to show cause requiring each of the Family Defendants to appear in-person on July 26, 2021, and ordered: "[s]pecifically, [that] each Family Defendant shall address why they failed to comply with this Court's October 31, 2019 Order, that required each Family Defendant to properly respond to the Trustee's Document and Interrogatory Requests.  No responsive documents were turned over and on November 14, 2019, the Court entered a second order ordering the Family Defendants to pay within 14 days the Trustee's attorneys a sum of $9,958.50 pursuant to Rule 37(a)(5).  The Family Defendants did not pay the court-ordered sanctions.  The Family Defendants failed to comply with the October 31st and November 14th orders." ECF 97; 98. The Court also ordered: "Each Family Defendant is to bring physical copies of all documents that they have individually submitted to the Trustee for discovery." ECF 105.

9. The Court held the order to show cause hearing in-person on July 26, 2021.  ECF 97 and 105.  The hearing lasted over eight hours, commencing at 11:02 a.m. and concluding at 7:26 pm.  Tr. 1, 361:8.  Cole Reifler, Kelsey Reifler, Paige Reifler, Nancy Reifler and Bradley Reifler, each testified and the parties, each of whom was represented by their chosen counsel, introduced exhibits, and made legal argument.  ECF 110.  At the conclusion of the hearing, the Court afforded counsel to the respective parties the opportunity to submit post-hearing briefing not to exceed 15 pages. Tr. 358:15-361:3.

10. The Compelling Order and Order Awarding Expenses were discovery orders entered when this Court granted the Plaintiff's Motion to Compel pursuant to Rule 37 and this Court's inherent authority, ECF 18.   The Compelling Order expressly required that:

(1) within seven (7) days [or by November 7, 2019], each of the Family Defendants shall serve the Trustee with his/her/its initial disclosures as required by Rule 26;

(2) within fourteen (14) days [or by November 14, 2019], each of the Family Defendants shall serve proper, complete and signed responses to the Document Requests and Interrogatories for each Family Defendant, together with responsive documents by defendant or within the custody, possession and/or control of that

---

[10] All counsel of record at that time and defendant, Kelsey Reifler, attended the May 4, 2021 hearing at which time the Court scheduled the July 26, 2021 order to show cause hearing.  ECF 96; Tr. 189:16-20.

5

Family Defendant; . . .

(4) that the Family Defendants are sanctioned for failing to comply with their discovery obligations and ordered to pay the Trustee's reasonable attorneys' fees incurred with bringing the motion and requiring Trustee's counsel to submit a declaration within seven days itemizing the attorneys' fees; and

(5) that should any of the Family Defendants fail to comply with this Order or fulfill the requirements with the specified time, their Answer shall be stricken and/or a default judgment shall be entered against such Family Defendant(s).

Pl. Ex. 37 (ECF 42).

11. The Order Awarding Expenses required the Family Defendants to pay Plaintiff's counsel the sum of $9,958.50 within fourteen (14) days or no later than November 28, 2019. Pl. Ex. 36 (ECF 40).

12. Rule 37(b)(2)(A) expressly provides for the imposition of sanctions against a party for not obeying a court's Rule 37(a) discovery orders. *See also Daval Steel Products,* 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.") Rule 37(b)(2)(A) provides, that where "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(a), 35 or 37(a), the court . . . may issue further just orders," which may include among other things, orders "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; [or] (vi) rendering a default judgment against the disobedient party; [or] (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). The purposes of Rule 37(b) sanctions are (1) to ensure that the disobedient party does not benefit from its non-compliance; (2) to obtain compliance with court discovery orders; and (3) to provide a general deterrent in the case and litigation in general. *NHL v. Metrop. Hockey Club*, Inc., 427 U.S. 639, 643 (1979). It is well settled that this Court has broad discretion to determine the type of sanction to impose, and the court is free to consider "the full record in the case in order to select the appropriate remedy." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

13. As the District Court noted in its Opinion and Order, this Court exercises broad discretion to decide what sanctions are appropriate based on its consideration of the following relevant factors: "(1) the willfulness of the non-compliance party or reason for noncompliance[;] (2) the efficacy of lesser sanctions;

6

(3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." ECF 57, 11 (*citing World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) and *Markus v. Rozhkov*, 615 B.R. 679, 710 (Bankr. S.D.N.Y. 2020)).

14. Based on the record, the Court finds that none of the Family Defendants have paid Plaintiff's counsel the $9,958.50 required by the Order Awarding Expenses. Tr. 118:17-24; 277:1-13; 306:22-307:6. The Order Awarding Expenses required payment no later than November 28, 2019. ECF 42. Cole Reifler, Kelsey Reifler, Paige Reifler, on behalf of EGIAP LLC, Nancy Reifler and Bradley Reifler have been aware of the Order Awarding Expenses, but have decided not to comply, but instead persist to ignore the Order Awarding Expenses. None of the Family Defendants have carried their burden of demonstrating with competent evidence an inability to pay the amount previously awarded by the Court. Tr. 118:25-119:3. Notably, even though three of the Family Defendants, Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC, submitted declarations in advance of the hearing and testified at the hearing; none of them claim or testified that they were unable to pay. Though Attorney Siegel filed opposition in this Court back in December 2019 on behalf of the Family Defendants asserting in conclusory terms they could not pay and Attorney Goldenberg suggested similarly at the start of the order to show cause here, there was no evidence proffered by the Family Defendants demonstrating an inability to pay and it is well established that arguments made by counsel do not constitute evidence. To the contrary, the only evidence adduced at the order to show cause hearing demonstrates that the Family Defendants testified that they are each working in their professions and/or an ability to pay this amount. Tr. 27:5-12; 118:25-119:3; 159:15-19; 166:14-23; 233:4-8; 236:9-237:2; 277:1-17; 290:18-23; 2.

15. The Court also finds that none of the Family Defendants have complied with the Compelling Order, which required each of Family Defendant to provide the Plaintiff with all responsive documents to the document requests, answers to the interrogatories, and initial disclosures, by defendant, no later than November 14, 2019. The Court finds that none of the Family Defendants complied by November 28, 2019, and that none of the Family Defendants have complied even at this late date, notwithstanding the purported effort made by Cole Reifler, Kelsey Reifler and EGIAP LLC in July 2021.

16. The Court finds that the following nine (9) Family Defendants took no action whatsoever or demonstrated any effort to comply with the Compelling Order or the Order Awarding Expenses after they were issued in October and November 2019: (1) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Kelsey Reifler, (2) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Cole Reifler; (3) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Paige Reifler; (4) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley C. Reifler Children's Trust; (5) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley Reifler Children's Trust No. 1; (6) KELCOP LP, (7) KELCOP FAMILY LLC, (8) Nancy Reifler, (9) POCLEK, LLC. These nine Family Defendants did not produce any documents, organize any of the documents they had previously produced in a hodge podge of emails that were not organized (Pl. Exs. 39, 40 and 41), identified by defendant and sent to Plaintiff's counsel as attachments and/or otherwise remedy the fact that some of the documents were illegible (Pl. Ex. 7). There was no evidence presented in response to the Order to Show Cause that any of these nine (9) Family Defendants did anything after the issuance of the Compelling Order and Order Awarding Expenses to comply. These nine (9) Family Defendants, all of whom continued to be represented by Attorney Siegel at and during the order to show cause hearing failed to comply with any portion of either order. Rather, these nine (9) Family Defendants simply relied on the responses which the Court had previously determined were deficient before it issued the Compelling Order and Order Awarding Expenses.

17. As to the other three (3) Family Defendants, Cole Reifler, Kelsey Reifler, and EGIAP LLC (who appeared through Paige Reifler), the Court finds that these three Family Defendants also took no action and made no effort to comply with the Compelling Order from when it was issued on October 31, 2019 until at least July 2021. ECF 102; 103 and 104. These three Family Defendants, Cole Reifler, Kelsey Reifler and EGIAP LLC have also not complied with the Order Awarding Expenses. The Court finds that each of these Family Defendants, Cole Reifler, Kelsey Reifler and EGIAP LLC have failed comply with such Orders without any good reason other than as several of them cavalierly testified, they did not believe they had any "individual exposure of liability." Tr. 67:3-20; 20:15-24; 21:2-3, 16-22; 43:1-20; 71:9-20; 72:21-24; 103:19-104:4; 104:16-25.

8

18. The Court does not find credible the self-serving, carefully threaded and contrived testimony by Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC, first suggested in the wordsmithed declarations submitted by their new, substitute counsel on July 11 and 12, 2021 and then reiterated with exacting precision during the hearing, that they did not realize they were defendants or any suggestion that Mr. Siegel was not representing them and acting as their authorized agent in this adversary proceeding. As a threshold matter, the Court did not find Cole Reifler, Kelsey Reifler and Paige Reifler were forthcoming given the number of times these three individuals responded to questions by indicating that they could not recall or could not remember events that occurred less than two years ago and events that would have been significant or memorable, i.e., when your father told you that you were subject to a $9 million court order in a lawsuit in which you purportedly did know about. Tr. 68:2-73:13; 161:21-162:6; 167:20-168:17. The transcript reflects that these three witnesses repeatedly indicated they could not recall or remember when asked very basis questions, even though the events which they were being asked about occurred within the last two years and should certainly have been noteworthy.[11] There was no evidence that any of these three witnesses, all in their 20's, suffer from memory issues. *See, e.g.*, Tr. 40:8-19. Having observed their demeanor, the Court does not credit their testimony that they could not recall and instead finds that their failure to recollect was part of their effort to be evasive, dissemble, and less than candid.

19. Any suggestion by Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC, that they did not understand they were not named as defendants or required to produce discovery in this action belies belief and credulity. Each of the Family Defendants was served with the 72-page complaint. Pl. Ex. 20 (ECF 1); Pl. Ex. 21 (ECF 3). None of these three defendants denied having received the complaint. Tr. 215:1-3. Each of these three individuals are adults, able to read and each came across as competent and enjoying some level of success in their chosen careers. Cole Reifler and Kelsey Reifler are both college graduates (Elon University) and Kelsey Reifler has a master's degree. Tr. 40:21-41:9; 163:2-5; 166:8-10. Each of the Family Defendants are clearly identified in the case caption, which appears

---

[11] Tr. 22:9-12; 22:13-15; 28:7-9; 36:12-21; 37:10-12; 38:15-18; 39:15-17, 18-21; 40:3-7, 8-16; 47:4-18; 48:3-7, 23-25; 48:23-49:1; 49:2-3; 50:11-15; 50:24-51:4; 60:5-6; 61:3-10; 62:2-6, 19-24; 15-18; 66:19-67:2; 67:13-19; 68:7:7-12; 68:19-20; 69:10-13; 71:9-16; 73:4-13; 78:14-17; 79:2-9; 79:15-80:1; 82:18-22; 86:4-6; 7-13; 89:9-11; 99:19-100:14; 102:1-6; 103:15-104:5; 111:19-22; 160:21-23; 161:4-5; 163:11-20; 167:20-168:17; 171:7:14; 173:5-20; 182:20-25; 186:3-10, 22-5; 187:13-21; 201:3-5; 208:21-209:1; 214:4-13 and 22-25.

9

prominently on the first page of the complaint and identified as defendants starting on page 4 of the complaint introducing the parties.  Pl. Ex. 20 (ECF 1, 1 and 4-6).  Exhibit A to the complaint, which totals 18 pages, clearly identifies by Family Defendant the transfers the transfers at issue, the name of the bank where the account was maintained, the date of the transfer, and the amount of the transfer.  *Id.* ECF 1-1, -2.  Thereafter, each of the Family Defendants appeared and answered the complaint in a joint answer filed, by and through the same attorney, Michael Siegel, Siegel & Siegel PC, on January 31, 2019.  Attorney Siegel continuously represented each of the Family Defendants in this Court in this adversary proceeding from January 31, 2019 until May 3, 2021, when Kelsey Reifler, Cole Reifler and Paige Reifler, on behalf of EGIAP LLC, consented to the substitution of counsel replacing Mr. Siegel with another attorney, before substituting that attorney for their current counsel, Andrew Goldenberg, who first appeared in this action on their behalf on June 21, 2021.  ECF 95, 100.  Each of these individuals signed one or more of the deficient discovery responses, which clearly identified them as named defendants in the case caption and reflected that Attorney Siegel was their counsel and all the Family Defendants.  Pl. Exs. 2; 4; 13; 16; 17, 19 and 25.  Cole Reifler testified that he personally drafted the interrogatory responses he signed and submitted in August 2019.  Tr. 47:27-48:16; Pl. Ex. 2.  Moreover, each of these individuals testified that they purportedly collected and produced documents and received and sent documents and their responses via email to Bradley Reifler, yet they did not present any evidence of how they received and sent such documents via email or Dropbox to support or corroborate such testimony.  Tr. 172:15-176:24; 186:15-16; Tr. 82:4-10.  Given the absence of any emails and/or communications or record of how they received and delivered these discovery responses and the documents, which might have explained or corroborated their explanation, and no showing that such documentation would not exist, the Court does not credit their self-serving testimony.  Having personally observed each of these witnesses' demeanor while testifying, the Court does not find credible the self-serving assertion by Kelsey Reifler, Cole Reifler and Paige Reifler, on behalf of EGIAP LLC, that they did not know that they were defendants and that Mr. Siegel represented them as defendants in this action.

20. Moreover, the Court does not accept Cole Reifler, Kelsey Reifler and EGIAP LLC's effort to escape the consequence of their prior willful conduct by seeking to now distance themselves from the joint strategy they pursued and took advantage of when they were previously represented in this action by

10

Attorney Siegel. It is well-established that clients are accountable for the acts and omissions of the attorneys that represent them. In *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), the Supreme Court squarely held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, the Supreme Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Id.*, at 633. To the contrary, the Supreme Court wrote: "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.*, at 633–634 (*quoting Smith v. Ayer*, 101 U.S. 320, 326 (1880)). The Court does not find that Cole Reifler, Kelsey Reifler and Paige Reifler, on behalf of EGIAP LLC, may escape the consequence of the litigation strategy they and their counsel pursued. *See Stooksbury v. Ross*, 528 F. App'x 547, 554 (6th Cir. 2013) (affirming case-terminating sanctions against parties where they attempted to blame counsel).

21. Even assuming *arguendo* the Court was willing to excuse Cole Reifler, Kelsey Reifler and EGIAP LLC's failure to comply during the period they were previously represented by their "prior counsel" Attorney Siegel (which is not the case), their continued course of conduct since they have substituted counsel twice only confirms that they have never complied with either the Compelling Order or Order Awarding Expenses. To date, none of the Family Defendants have complied with the Order Awarding Expenses and paid the amount due to Plaintiff's counsel. Moreover, the Court also finds that Cole Reifler, Kelsey Reifler and EGIAP LLC's, much belated and feigned effort to comply in July 2021 remains woefully deficient and only further demonstrates their continued and willful disregard of this Court's Compelling Order and Order Awarding Expenses. On July 11 and 12, 2021, Cole Reifler, Kelsey Reifler, and Paige Reifler on behalf of EGIAP LLC, through their most recently retained counsel, once again sought to interpose woefully late and deficient "objections" and attempted to unduly restrict or narrow the definition or universe of responsive documents. ECF 102-3, 103-3 and 104-3. Cole Reifler, Kelsey Reifler and EGIAP LLC waived all objections having failed to file any objections within 30 days of when the discovery requests were served on

11

June 13, 2019 and their untimely responses to the document requests dated September 9, 2019 raised no objections. Pl. Ex. 5. Having never raised any objections and the time in which they were required to do so has long passed, Cole Reifler, Kelsey Reifler and EGIAP LLC's objections interposed for the first time in July 2021 were made in bad faith. Moreover, Cole Reifler, Kelsey Reifler and EGIAP LLC's objections seeking to circumscribe or narrow the definition of "document" is inconsistent with how the term is defined in the Plaintiff's document requests, which is consistent with the meaning and scope of the term "documents or electronically stored information" under Federal Rule of Civil Procedure 34(a)(1)(A) and Local Civil Rule 26.3(c)(3). The record demonstrates that none of the Family Defendants, including these three defendants, Cole Reifler, Kelsey Reifler, and Paige Reifler, on behalf of EGIAP LLC, have produced all responsive documents as required by the Compelling Order, as they blatantly concede no electronic communications, emails, and/or texts were searched for or have been produced. No emails or electronic communications were produced by Cole Reifler, Kelsey Reifler, or Paige Reifler, on behalf of EGIAP LLC in response to the Plaintiff's document requests. Def. Ex. 1, 2 and 3. Cole Reifler, Kelsey Reifler and Paige Reifler conceded that they either could not recall and/or had never searched for and produced responsive electronic communications, emails or texts responsive documents to the Plaintiff's document requests. Tr. 39:15-40:19; 50:6-15; 50:24-51:4. Moreover, there was no testimony and/or documentation demonstrating that any purported search and/or collection effort had been requested or conducted by Cole Reifler, Kelsey Reifler or Paige Reifler, on behalf of EGIAP LLC. In fact, Debtor conceded that he had not requested that his adult children, Cole Reifler, Kelsey Reifler and Paige Reifler, search for and/or produce any emails or electronic communications or documents when he collected their documents for the purposes of responding to Plaintiff's document requests. Tr. 310:6-13. As noted above, *supra* at ¶3, this Court has already found that Debtor destroyed emails and other ESI before and after this Court ordered him to produce such information. During the hearing, Debtor testified that he had probably not told his children to search for emails responsive to the Plaintiff's document requests. Tr. 310:6-10. Debtor testified that he failed to disclose at least one trust, namely the New Beginning Trust, which was directly responsive to the Plaintiff's discovery requests since it is a trust settled by his wife, defendant Nancy Reifler, and Debtor is its sole beneficiary and that trust purportedly owned the Forefront Income Trust, the business Debtor's son, Cole Reifler, purportedly served as

12

CEO following the filing of the bankruptcy. Tr. 29:11-34:14; Tr. 322:7-16; Pl. Ex. 9; Pl. Ex. 31; Pl. Ex. 32. There was testimony that a deposit of $9,900 was made from "Newbeg LLC" into Kelsey Reifler's bank account in April 2019, just after this bankruptcy was filed. Tr. 218:23-220:23; Def. Ex. 2, Kelsey 296. Incredibly, Debtor also testified that there were at least 100,000 pages responsive to the Plaintiff's document requests and that he had produced them in other litigations, but the record demonstrates that combined the Family Defendants only produced a total of 1,548 pages to the Plaintiff. Tr. 323:8-324:3. Equally troubling to the Court is the cavalier approach that Cole Reifler and Kelsey Reifler took to signing and submitting interrogatory responses on behalf of several other Family Defendants, including KELCOP LP, KELCOP FAMILY LLC and POCLEK LLC, even though they claimed during the hearing that they had no knowledge. Pl. Ex. 4; Pl. Ex. 17; Tr. 60:10-62:18; 87:4-93:1; 181:2-188:22. By way of example, Kelsey Reifler signed written discovery responses on behalf of KELCOP Family LLC indicating that this entity had no net worth; yet when questioned at the order to show cause hearing, Kelsey Reifler indicated that she had no knowledge or basis for providing the discovery response she acknowledged signing and having reviewed in August 2019. Pl. Ex. 17, Tr. 185:21-188:22. Such a cavalier approach to discovery and the significance of signing discovery responses as required under Rule 33 is not acceptable. Similarly, during the order to show cause, Bradley Reifler testified and provided testimony on behalf of POCLEK LLC; and Cole Reifler's attorney even objected when Plaintiff's counsel attempted to ask Cole Reifler about POCLEK LLC even though Cole Reifler had previously signed interrogatory responses on behalf of POCKLEK LLC. Tr. 338:28-339:3; 344; Tr. 87:4-90:24. Then, within days of the hearing, Cole Reifler's attorney (Attorney Goldenberg) filed a notice of substitution seeking to appear on behalf of POCLEK LLC that was signed by Cole Reifler. ECF 108. It appears that even the Family Defendants and their counsel cannot keep straight who purportedly has knowledge of, controls or should represent which Family Defendant. ECF 108; Tr. 87:4-93:1; 338:28-339:3.

22. In determining the appropriate remedy for each of the Family Defendants' willful failure to comply with this Court's discovery order, the Court has also considered the significant duration of the Family Defendants' non-compliance with the Orders and the fact that their discovery responses were initially due in July 2019. Even excluding the 15 months the appeal was pending in the District Court (which the Court does has not included), the fact remains that the Family Defendants have still not complied with the

13

Compelling Order and Order Awarding Expenses for over nine months. The Court has also given consideration of whether lesser sanctions would be effective. As the record demonstrates, the Family Defendants were ordered to pay $9,858.50 to the Plaintiff as reimbursement for the Trustee's reasonable attorneys' fees and expenses incurred to secure the Compelling Order. However, the Family Defendants have failed to do so and have not carried their burden of demonstrating with competent evidence an inability to do so. Now, almost two years since these Orders were first entered, and even after receiving an order to show cause, none of the Family Defendants have complied with the Compelling Order and/or Order Awarding Expenses. Finally, the Family Defendants have been repeatedly warned, beginning in July2019 and most recently in the Order to Show Cause, that there would be serious and significance consequences to such noncompliance, including, *inter alia*, the striking of their answer and entry of a default judgment. ECF 15, 11; ECF 18-5; ECF 40, ECF 107. Notwithstanding repeated warnings, the Family Defendants continue to willfully disobey the Compelling Order and Order Awarding Expenses.

23.    Accordingly, the Court finds that the Family Defendants must be sanctioned and that the appropriate sanction here is to strike the Family Defendants' answer (ECF 4) and to preclude each of the Family Defendants from proffering any evidence to support any defense they raised or could have raised in their answer. While the Court has considered whether or not it should also enter a default judgment at this time, upon careful reflection and consideration of the relevant factors under Rule 37 and/or its inherent authority, the Court in its discretion declines to do so at this juncture, but does so without prejudice and expressly reserves its right to do so and will do so, if the Family Defendants continue to flagrantly disobey and fail to comply with this Court's orders, including the Compelling Order, the Order Awarding Expenses and the following supplemental order. In its discretion, the Court has decided entering a default judgment against each of the Family Defendants at this time because to do so would essentially reward the Family Defendants for their concerted strategy to prevent the Plaintiff from obtaining the most relevant documents, including electronic communications and emails that the Family Defendants have not turned over and that would be relevant to both liability and fixing the amount of damages.

24.    It is hereby ordered that: (i) the answer filed by the Family Defendants (ECF 4) is stricken and the Family Defendants are precluded from pursuing any defenses they raised or could have raised; and

(ii) within twenty-one (21) days of this order, each of the Family Defendants is ordered: (a) to fully comply with the Compelling Order and Order Awarding Expenses; (b) to produce any and all documents and information responsive to the outstanding discovery requests by each defendant, and provide a sworn affidavit from each of the Family Defendants specifying what search of electronic documents and/or files has been conducted, what search terms were used and the results, what electronic files or communications may have existed during the relevant period of time, and where those files or communications exist, including the names of the individuals and/or entities that have copies or access to those communications, and to the extent any electronic communications, information or documents, no longer exists or the Family Defendants no longer have access to them, what electronic communications or documents existed or when they were destroyed or otherwise became unavailable or inaccessible or who has custody or control of such electronic information; and (c) to reimburse the Plaintiff for all reasonable attorney's fees and expenses incurred in connection with the July 26, 2021 order to show cause hearing and the post-hearing briefing pursuant to Rule 37(b)(2)(C); Plaintiff should file an affidavit itemizing the attorneys' fees and expenses within 10 days' of this order. If any of the Family Defendants fail to comply with this order, any Family Defendant who fails to comply shall be subject to a daily fine that will accrue at rate of $250 per day[12] for each day such Family Defendant has not complied until the date of full compliance is achieved. Each of the Family Defendants is hereby issued a **<u>final</u>** warning that should s/he or it fail to comply with this order, s/he or it shall be subject to entry of a default judgment and/or having an adverse inference drawn against her/his/it based on her/his/its continued willful failure of this order, the Compelling Order or the Order Awarding Expenses.

Dated: October 21, 2021  
       Bedford Hills, New York

Respectfully submitted,

O'TOOLE + O'TOOLE PLLC

By:   /s/ Andrew D. O'Toole  
       Marianne T. O'Toole, Esq.  
       Andrew D. O'Toole, Esq.

---

[12]    Another judge on this Court has previously imposed an even higher sanction amount of "1,000 per day" and made such sanctions *nunc pro tunc*, *O'Toole v. Wrobel (In re Sledziejowski)*, Adv. No. 13-08317 (SHL), 2015 WL 2128595, at *8 (Bankr. S.D.N.Y. May 4, 2015) (Hon. Sean H. Lane), however, the Court will impose a lesser fine in this case and provide the Family Defendants with a 21-day period to fully comply before the additional daily fine amount will start to accrue.