<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :         Chapter 7

In re:                             :

                              :         Case No. 17-35075  (CGM)

        Bradley C. Reifler,                 :

                              :

                    Debtor.   :

------------------------------------------------------------X
                              :

Marianne O'Toole, chapter 7 trustee,     :

                              :

        Plaintiff,              :         Adv. No. 19-09003

                              :

v.                               :

                              :

Bradley C. Reifler, et. al.,            :

                              :

        Defendants,            :

------------------------------------------------------------X

## MEMORANDUM DECISION AFTER ORDER TO SHOW CAUSE HEARING

<u>**A P P E A R A N C E S**</u>:

O'TOOLE + O'TOOLE PLLC
Attorneys for Marianne T. O'Toole, as chapter 7 trustee of the estate of Bradley C. Reifler
22 Valley Road
Katonah, NY 10536
BY: ANDREW D. O'TOOLE

SIEGEL & SIEGEL, P.C.
Attorneys for Bradley, Nancy Reifler, Bradley and Nancy Reifler as Trustees of the Ackerberg irrevocable Trust FBO Kelsey Reifler, Ackerberg Irrevocable Trust FBO Cole Reifler, Ackerberg Irrevocable Trust FBO Paige Reifler, Bradley C. Reifler Children's Trust, Bradley Reifler Children's Trust No.1
One Penn Plaza
Suite 2414
New York, NY 10119
BY: MICHAEL D. SIEGEL

GOLDENBERG LAW, P.C.
Attorney for Defendants Cole Reifler, Kelsey Reifler, EGIAP LLC, and POCLEK LLC

356 Seventh Avenue 3rd Floor
New York, NY 10001
BY: ANDREW R. GOLDENBERG

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Marianne T. O'Toole, as chapter 7 trustee ("Trustee"), has moved to impose sanctions

under Federal Rule of Civil Procedure 37 ("Motion for Contempt") against the defendants in this

case.  This Court previously issued an order to show cause and scheduled a hearing ("OSC

Hearing") requiring that each of the defendants appear and show cause why the sanctions

previously entered by this Court were not appropriate.  On July 26, 2021, the Court held the OSC

Hearing.  For the reasons set forth below, the Trustee's Motion for Contempt is granted in part

and denied in part.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §

157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated

January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters

concerning the administration of the estate); § 157(b)(2)(E) (orders to turn over property of the

estate); § 157(b)(2)(H) (proceedings to determine, avoid, or recover fraudulent conveyances).

To the extent this Court lacks authority to enter a final order on any of the Trustee's state

law claims, the Court asks the District Court to construe this decision as proposed findings of

fact and conclusions of law, pursuant to the Amended Standing Order of Reference dated

January 31, 2012.

## Background

On January 20, 2017 ("Petition Date"), Bradley C. Reifler ("Debtor") filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code.  The Debtor's bankruptcy filing has

spawned numerous adversary proceedings that have all involved discovery disputes. The underlying facts are taken from this Court's opinion on granting summary judgment in favor of the United States Trustee against the Debtor. *See* Tr. of Oct. 30, 2018 Hr'g, ECF No. 19, Adv. No. 17-09030.[1]

Starting in 1986, the Debtor worked in finance, commodities, and securities and held the requisite licenses issued by FINRA and the SEC. *Id.* at 13:8–10. Debtor conducted business as a broker/dealer through a number of LLCs. In November of 2015, Debtor surrendered his commodities, securities, and securities principal licenses. *Id.* at 13:17–19. In 1999, the Debtor's mother, Lisette Ackerberg, settled trusts for each of the Debtor's three children: (i) the Ackerberg Irrevocable Trust, for the benefit of Kelsey Reifler (the "Kelsey Trust"); (ii) the Ackerberg Irrevocable Trust, for the benefit of Paige Reifler (the "Paige Trust"); and (iii) the Ackerberg Irrevocable Trust, for the benefit of Cole Reifler (the "Cole Trust") (collectively the "Children's Trusts"). *Id.* at 13:25–14:1–7. As a trustee for the Children's Trusts, Debtor made investments through checking accounts established at JPMorgan Chase Bank, with accounts ending in 3601, 4401, and 2801. *Id.* at 14:8–14. Debtor also established an entity known as KELCOP LP so that he could make investments for the benefit of his children through a singular entity, rather than through the three separate Children's Trusts. *Id.* at 14:11.

On January 19, 2019, the Trustee commenced this adversary proceeding by filing a Complaint against the Debtor, Nancy Reifler ("Debtor's Wife"), five trusts for the benefit of their three adult children[2] (Kelsey, Cole and Page Reifler), three limited liability companies

---

[1] The Debtor was denied a discharge under 11 U.S.C. § 727(a)(3)-(a)(5) for concealing and failing to preserve information from which the Debtor's financial condition may be ascertained.
[2] (Cole) Tr. of July 26, 2021, 105:6–7 ("So we made the decision to be adults and say we are now defendants in a case.").

(KELCOP FAMILY LLC, EGIAP LLC, POCLEK LLC), one partnership (KELCOP LP)[3] and

Lisette Ackerberg.[4]  The Complaint seeks to recover alleged transfers the Debtor made during

the six-year period immediately before the Petition Date, which includes $9.3 million in transfers

to the Family Defendants.

The sixteen-count Complaint includes claims for: (i) turnover; (ii) alter ego liability; (iii)

reverse veil piercing or nominee liability; (iv) fraudulent transfers pursuant to 11 U.S.C. §§

544(a)(1), 544(b), 548(a)(1)(B)(i) and (B)(ii)(I) and 550 and New York Debtor Creditor Law

("DCL") §§ 273- 276; (v) civil conspiracy; (vi) avoidance; and/or (vii) attorney's fees.

### Discovery Dispute Leading To Default Being Entered Against Family Defendants

This case, like the other *Reifler* adversaries with Mr. Siegel as counsel, has a long history

of non-compliance with this Court's discovery orders.[5]  On August 14, 2019, the Trustee filed a

Motion to Compel.  ECF[6] No. 18.  The Trustee alleged that the Family Defendants failed to

provide initial disclosures under Rule 26(a)(1) and adequately respond to the Trustee's document

requests.  On September 9, 2019, the Family Defendants filed opposition.  ECF No. 24.  The

Family Defendants, through Mr. Siegel stated:

> At the time the motion was made, the Defendants had failed to comply with the
> discovery demands. However, there had been significant discussion about the
> logistics of complying with demands, as well as the offering of deposition dates.
> The trustee had never stated that she believed that discovery was so in arrears that
> sanctions were appropriate. I have a large client group, spread over the New York
> area, and it took some effort to get everyone to focus. The motion was made at the
> request of the court to light a fire under my clients to finalize their obligations.

---

[3] Hereinafter referred to as "Family Defendants".

[4] Lisette Ackerberg has been dismissed from this proceeding.  She settled the Trustee's claim
against her.

[5] *In re Reifler*, No. 18-CV-4711, 2019 WL 39652, at *9–10 (S.D.N.Y. Jan. 31, 2019) (affirming
this Court's default judgment against Debtor, including the denial of discharge of Debtor's
liability to North Carolina Mutual).

[6] Unless otherwise indicated, all references to this Court's electronic docket ("ECF") are to the
docket sheet of this adversary proceeding, with the case number 19-09003.

Opposition at ¶ 1, ECF No. 24. Mr. Siegel also stated:

> Thus, I can report to the Court that the Defendants have each signed and returned answers to interrogatories, provided hundreds of pages of documents (the relevance of most of which are disputed, but produced anyway) and provided Rule 26 disclosures. From our end, document discovery is completed, and we are ready to have the Defendants appear for depositions. This production was well underway even when the motion was made. The interrogatories and most documents were produced days after the motion was made, so the trustee has had ample time to review them. No complaints concerning any of the discovery responses we have made have been made by the trustee.

*Id.* at ¶ 3. On October 29, 2019, this Court held a hearing on the Trustee's Motion to Compel.

On October 31, 2019, the Court entered an order compelling the Family Defendants to answer

discovery ("Compelling Order"). ECF No. 40. The Compelling Order stated:

> **ORDERED** that within seven (7) days of the entry of this Order, each of the Family Defendants (as that term is defined in the Motion) shall serve Plaintiff his/her/its initial disclosures required by Fed. R. Civ. P. 26; and

> **ORDERED** that within fourteen (14) days of the entry of this Order, each of the Family Defendants (as that term is defined in the Motion) shall serve Plaintiff's counsel with proper, complete and signed Document Requests and Interrogatory responses for each Family Defendant, together with any responsive documents by defendant or within the custody, possession and/or control of that Family Defendant; and

> **ORDERED** that Nancy Reifler, Kelsey Reifler, Cole Reifler and Paige Reifler shall schedule with Plaintiff's counsel deposition dates not later than forty-five days (45) days after entry of this Order, provided such depositions shall not proceed in the absence of their full and complete compliance with their responses to Plaintiff's Document and Interrogatories; and

> **ORDERED** that pursuant to Rule 37(a)(4) and (d) of the Federal Rules of Civil Procedure the Family Defendants are being sanctioned for failing to comply with their discovery obligations and are hereby ordered to pay the reasonable attorneys' fees of Trustee's counsel in connection with the Trustee's counsel's attempts to obtain their compliance, including any attorneys' fees incurred in connection with this Motion; Plaintiff's counsel is to submit a declaration within seven (7) days of this Order itemizing the attorneys' fees incurred by the Trustee in connection with this Motion; and

> **ORDERED** that should any of the Family Defendants fail to comply with
> this Order or fulfill the requirements within the specified time, their Answer shall
> be stricken and/or a default judgment shall be entered against such Family
> Defendant(s); and/or the Court may grant all such other and further relief as the
> Court deems just and proper.

Compelling Order at 3–4, ECF No. 40.  Pursuant to the Compelling Order, the Trustee filed a

declaration itemizing the expenses (including attorney's fees) the Trustee incurred in connection

with filing the Motion to Compel.  ECF No. 41.  The Family Defendants did not object and on

November 14, 2019, the Court entered a second order ordering the Family Defendants to pay

within 14 days the Trustee's attorneys a sum of $9,958.50 pursuant to Rule 37(a)(5) ("Expenses

Order").  ECF No. 42.  The Family Defendants failed to comply with the Compelling Order and

Expenses Order.

As a result, on December 4, 2019, the Trustee filed a Motion for Contempt asking the

Court to strike the Family Defendants' answer and enter default judgment jointly and severally in

the total amount of $9,320,516.19.  ECF No. 48.  Opposition to the motion was filed late, on

December 13, 2019.[7]  ECF No. 53.  On December 17, 2019, this Court held a hearing on the

Trustee's Motion for Contempt.  The Court, upon hearing that the Family Defendants failed to

provide additional documents as ordered, struck the answer, and entered a joint and several

default-judgment against the Family Defendants.  On December 26, 2019, the Court entered its

written order finding the Family Defendants in contempt.  The Family Defendants timely

appealed the Default Order.

---

[7] Local Bankruptcy Rule 9006-1(b) provides, "[w]here service is made at least fourteen (14) days
before the return date, any answering papers shall be served so as to ensure actual receipt not
later than seven (7) days before the return date, and reply papers shall be served so as to ensure
actual receipt not later than 4:00 p.m. three (3) days before the return date or on the date any
agenda is required to be filled in accordance with any case management order entered in the
case, unless the Court orders otherwise. Untimely papers may be rejected."

On March 31, 2021, the district court issued a decision and found that there was

insufficient support in the record for this Court to enter a default against the Family Defendants.

*See In re Reifler*, No. 20 CV 1427, 2021 WL 1226577, at *7 (S.D.N.Y. Mar. 31, 2021).  The

district court was troubled by the lack of legal and factual analysis at the hearing on December

17, 2019.  *Id.*  The district court specifically remanded this case to this Court to "provide analysis

of the Rule 37 factors supporting the imposition of sanctions."  *Id.*  Upon reviewing the record,

the district court found that this Court "declined to consider the willfulness of Family

Defendant's Compliance."  *Id.*  Candidly, the Court acknowledges that its December 17 oral

decision and subsequent written order lacked detailed analysis that the Court had undertaken

prior to making its decision.  The district court vacated the Default Order and remanded the case

back to this Court.  Thus, the Plaintiff's Motion for Contempt remains outstanding and this Court

must rule on that motion anew, taking into consideration any new documents that the Family

Defendants have submitted in the interim.

On May 4, 2021, this Court held a hearing to review the district court's decision.  Upon

Plaintiff's request, the Court determined that an order to show cause should issue and a hearing

scheduled so that each of the Family Defendants were required to appear and show cause why

the sanctions previously entered by this Court were not appropriate in light of the factors

identified by the district court: (1) the willfulness of the non-compliant party or the reason for the

noncompliance, (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance; and (4) whether the non-compliant party had been warned of the consequences

of the noncompliance.  *See* ECF No. 97.  The Court also stated that "each Family Defendant

shall address why they failed to comply with this Court's October 31, 2019 Order [Compelling

Order], that required each Family Defendant to properly respond to the Trustee's Document and

Interrogatory Requests." *Id.* at 4. In anticipation of the in-person hearing, the Court ordered that

"[e]ach Family Defendant is to bring physical copies of all documents that they have individually

submitted to the Trustee for discovery." ECF No. 105. The Court held the OSC Hearing on July

26, 2021. Post-Trial briefs were filed on October 21, 2021.

### Summary of Law

"[C]ompliance with discovery orders . . . is necessary to the integrity of our

judicial process . . . part[ies], who flout[ ] such orders do so at [their] peril." *Pergament v.*

*Thilman (In re Thilman)*, 548 B.R. 1, 8 (Bankr. E.D.N.Y. 2016) (internal citation omitted). Rule

37(b) of the Federal Rules of Civil Procedure, which is incorporated in this proceeding pursuant

to Bankruptcy Rule of Procedure 7037, expressly allows a court to impose sanctions against a

party "who fails to obey an order to provide or permit discovery under Rule 26(f), 35 or 37(a)."

*See* Fed. R. Civ. P. Rule 37(b)(2)(A). These sanctions include directing that designated facts be

taken as established for purposes of the action, prohibiting the disobedient party from opposing

designated claims or supporting designated defenses, striking pleadings in whole or part and

rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii)

and (vi). "Additionally, a bankruptcy court may impose sanctions pursuant to its inherent

powers, which are available to address bad faith conduct and failure to comply with a court

order." *In re Feldman*, 597 B.R. 448, 463 (Bankr. E.D.N.Y. 2019).

When a party fails to produce documents as ordered by the court and has obfuscated the

Trustee's attempts to seek discovery, the court can enter an order striking the defendant's

answer. *See Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star*, No. 94 Civ. 6813, 1996

WL 74745, *1–2 (S.D.N.Y. Feb. 21, 1996) (finding that the failure of the defendants to comply

with the court's order requiring discovery or confirm that the defendants had made an adequate

search for the documents, warranted the court striking their answer); *see also Rahman v. Seung Min Park (In re Seung Min Park)*, No. 10-8040, 2011 WL 1344495, at *7-8 (Bankr. E.D.N.Y. Apr. 8, 2011) (describing the Court's authority to strike a defendant's answer due to the failure to produce documents); *SEC v. Wencke*, 577 F.2d 619, 622 (9th Cir. 1978) ("Because [defendant] had willfully refused to obey the district court's discovery order, the court had the authority to strike his answer."); *Starbrite Waterproofing Co., Inc. v. Aim Constr. & Contracting Corp.*, 164 F.R.D. 378, 381 (S.D.N.Y. 1996) (striking defendants' answer and precluding them from presenting evidencing where defendants flouted their obligations under the Federal Rules of Civil Procedure, ignored their obligations to respond to Trustee's document requests and interrogatories and ignored Trustee's counsel's telephone calls and at least one letter inquiring about the same).

Courts have "broad discretionary power" to impose sanctions upon a party for failure to comply with the legitimate discovery requests of its adversary. *In re Barnholdt*, 74 B.R. 760, 763 (Bankr. N.D.N.Y. 1987). Striking a non-compliant party's pleading is justified when a party has evidenced "bad faith, willfulness, or gross negligence with respect to a discovery request, or where there has been a total failure to answer." *In re Barnholdt*, 74 B.R. at 764; *Starbrite Waterproofing Co., Inc.*, 164 F.R.D. at 381. When there has been a "continuing saga of dilatory conduct" entering a default judgment under Fed. R. Civ. P. 37(b) is appropriate. *U.S. Freight Co. v. Penn Cent. Transp. Co*, 716 F.2d 954, 955 (2d Cir. 1983).

Rule 37 sanctions are intended prevent a party from benefiting from its failure to comply, and to deter such conduct. *See O'Toole v. Wrobel (In re Sledziejowski)*, No. 17-8317, 2015 WL 2128595, at *5–6 (Bankr. S.D.N.Y. May 5, 2015). To determine whether the sanction of default judgment is warranted, this Court should consider: (a) willfulness or bad faith on the part of the

noncompliant party; (b) history of noncompliance; (c) effectiveness of lesser sanctions; (d)

whether the non-complaint party had been warned about the possibility of sanctions; (e) the

parties' complicity; and (g) the prejudice to the moving party. *Am. Cash Card Corp. v. AT&T

Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. Feb. 10, 1999), *aff'd*, 210 F.3d 354 (2d Cir. 2000).  No

one factor is dispositive.  A default judgment as a sanction must be available to: (1) ensure that a

party does not benefit from its own failure to comply with discovery orders; (2) specifically deter

and obtain a party's compliance with the order issued; and (3) serve as a general deterrent for

other litigants, provided that the sanctioned party was in some sense at fault.  *Update Art, Inc. v.

Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citation omitted).

## Discussion

### The Family Defendants' Willful Non-Compliance Pre-Dates the Compelling Order and Expenses Order

#### Untimely Interrogatories

Under Federal Rule of Civil Procedure 33, a party has thirty days to respond to

interrogatories and objections must be stated with specificity. "Any ground not stated in a timely

objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P.

33(b)(4).

The Trustee served its request for interrogatories and document requests on June 13,

2019.  Motion to Compel, O'Toole Decl., ¶ 13, ECF No. 18.  The Trustee did not receive a

response in the thirty-day timeframe and sent a letter on July 19, 2019, advising Mr. Siegel that

they would accept responses until July 26, 2019.  *Id.* at ¶ 15.  No responses were given.  *Id.* at ¶

16.  Upon hearing that the Family Defendants failed to provide initial disclosures, the Court

advised the Trustee to bring a Motion to Compel.[8]  The Court also warned, for the first time, that

---

[8] *See* Tr. of July 30, 2019 Hr'g, ECF No. 15, Adv. No. 19-0003.

"if there is a lack of cooperation and lack of documents, there is the strong possibility you'll be moving for a judgment against [the Family Defendants]… Let [Family Defendants] know they've got consequences to this."[9]

The Family Defendants failed to meet the thirty-day deadline required under Rule 33 as well as the additional deadline as extended by the Trustee. By failing to meet the strict deadlines set forth in Rule 33, the Family Defendants waived their right to object to the requests made in the interrogatories. *See* Fed. R. Civ. P. 33(b)(4).

On August 14, 2019, the Trustee filed a Motion to Compel the Family Defendants to comply with the Trustee's interrogatories. ECF No. 18. The Motion also stated that non-compliance has the potential to lead to their answer being stricken. *Id.*

The Family Defendants filed opposition and this Court held a hearing on October 29, 2019. This Court reviewed a portion of the interrogatories provided and admonished Family Defendants' Counsel for providing inadequate responses. The Court stated:

> The issue is, they didn't produce what was asked in a format that can be understood. That's the issue. And you don't just go into a deposition without having the specific information for the specific person that you're going to deposition.

Tr. of Oct. 29, 2019 Hr'g, ECF No. 44, Adv. No. 19-0003. After being remanded by the district court, this Court held an in-person hearing on July 26, 2021 to once again determine the adequacy of the Family Defendants' discovery. Prior to the OSC Hearing, the Court ordered that "[e]ach Family Defendant is to bring physical copies of all documents that they have individually submitted to the Trustee for discovery." ECF No. 105.

On July 12, 2021, three of the Family Defendants (Cole Reifler, Paige Reifler on behalf of EGIAP LLC, and Kelsey Reifler) filed three separate declarations on the docket. *See* ECF

---

[9] *Id.*

Nos: 102 (Cole), 103 (Paige/EGIAP) 104 (Kelsey).  Attorney Andrew Goldberg now represents

the three Reifler children.[10]  All three declarations are substantially the same.  For example,

paragraphs four through seven of each declaration provide:

> 4. In late December 2109, I first became aware that the Trustee had filed a discovery sanctions motion in August 2019 (ECF Doc. 18), which resulted in the Discovery Orders and subsequent Contempt Order.
>
> 5. In or about January 2020, my father, Bradley Reifler (the "Debtor"), explained to me that I, along with my siblings, Cole Reifler ("Cole) and Paige Reifler through her company, EGIAP LLC ("EGIAP"), were joint and severally liable for $9,320,516.59 based on the Court's Contempt Order dated December 26, 2019 (ECF Doc. 57, the "Contempt Order"). Prior to January 2020, I did not know that I was a party to this lawsuit.
>
> 6. After being informed of the Discovery and Contempt Orders by my father, my siblings and I retained new counsel, Gabriel Del Virginia, to try and make sense of what had happened. This resulted in filing an appeal to the Contempt Order, which was vacated by the District Court (ECF Doc. 92) and remanded to this Court. After the case was remanded, my siblings and I retained new counsel, Andrew Goldenberg, in June 2021. ECF Doc. 100.
>
> 7. The Compelling Order required several actions to be taken by me in November 2019, however, I could not comply with the Compelling Order because I did not know it existed and have not seen it until just a few weeks ago.

*See* ECF Nos: 102, 103, 104.  The Reifler children's Declarations, for the first time, indicated

that Mr. Siegel never represented them.  *Id.*  At all times prior to the entry of the Compelling and

Expenses Order, Mr. Siegel represented to this Court that the Reifler children were his clients.[11]

At the OSC hearing, the Reifler children stated that Mr. Siegel submitted Rule 26 initial

Disclosures without telling them, and that they responded to the Trustee's Document Requests

without knowing that they were named Defendants. (Cole) Tr. at 37:7–20 ("It means I don't

---

[10] For ease of reference, the Court will refer to these three defendants as "Reifler children".  One of the defendants, EGIAP, is the limited liability company of Paige Reifler.  The Trustee has not sued Paige; he has only sued EGIAP.

[11] Tr. of Oct. 29, 2019, 12:25–13:3, ECF No. 44 ("The Court: [Siegel] may have some conflicts here, but I'm not addressing that today, because how can you represent each one of them?  I'm struggling with that.  But that's not our issue today.").

know who asked me to get the documents, but what I do know when I sent them in, I didn't do

so thinking I was actually involved in a case."); (Kelsey) Tr. at 163:6–20 ("I never retained Mr.

Siegel, no."); (Paige/EGIAP) Tr. at 225:5–10 ("I was not personally—I did not find myself

personally represented by Mr. Siegel in this lawsuit, no.").  The Reifler children blame Mr.

Siegel, for their lack of compliance.  Goldenberg Brief, at 11, ECF No. 112.  They argue that

they were completely unaware of being named in this lawsuit prior to the entry of default being

entered against them.[12]  They argue that Mr. Siegel did not notify his clients that he was

defending them.  (Cole) Tr. at 26:19–27:4 (Cole testifying that the first time he saw Mr. Siegel is

that same day in the courtroom); (Kelsey) Tr. at 159:1–25 (Kelsey testifying she was not aware

of being a defendant until December 2020); (Paige/EGIAP) Tr. at 225:5–10 (same).  At the OSC

Hearing, the Reifler children testified that they believed they had no "individual liability" or

"exposure."  (Cole) Tr. at 20:15–21:5 ("I was not aware that I had individual exposure in this

case, correct."); 84:24–25; 85:1–25; (Kelsey) Tr. at 158:13–25; 159:1–25 (Kelsey testifying that

she knew of liability in December 2020; (Paige/EGIAP)Tr. at 224:15–25; 225:1–15 ("It wasn't

until February of last year when we were held joint and several that I knew that I was personally

named in the case and then that's what we got our lawyer, Gabe.").

The Court, upon observing the Reifler children's demeanor, did not find them credible—

particularly Cole Reifler.  Cole testified that he could not remember where and when he became

subject to a $9 million court order.  Tr. at 68:2–73:13.  The Reifler children did not believe they

were subject to liability despite being served with the Complaint and signing interrogatories in

this adversary proceeding. (Cole) Tr. at 45:15–24, (Kelsey) Tr. at 214:4–216:8, (Paige/EGIAP)

Tr. at 228:17–23.

---

[12] Cole Decl., ¶ 5, ECF No. 102; Paige Decl., ¶ 5, ECF No. 103; Kelsey Decl., ¶ 5, ECF No. 104.

What is more difficult to ascertain is whether the Reifler children knew of this Court's Compelling Order and Expenses Order.[13]  The Reifler children argue that they were not aware of any outstanding court orders.[14]  It is not clear whether the Reifler children knew about their duty to provide individual initial disclosures.  The Reifler children were not served with the Trustee's Motion for Contempt.  Certificate of Service, Ex. 4, ECF No. 48.  They were also not served with the Motion to Compel.  Certificate of Service, ECF No. 19.  At the OSC Hearing, the Reifler children disputed the existence of an attorney client relationship with Mr. Siegel.  (Cole) Tr. at 86:19–87:3; (Kelsey) Tr. at 163:6–13; (Paige/EGIAP) Tr. at 225:5–10.  The Court ordered the Trustee to issue a subpoena to Mr. Siegel demanding the production of any retainer agreement with the Reifler children.  Tr. at 153:1–25.  To date, the Court has not been provided with a retainer agreement showing that Mr. Siegel represented the Reifler children.  To the contrary, Mr. Siegel produced one retainer letter, dated March 29, 2018, between his firm and the Debtor.  Goldenberg Aff., Ex. D, ECF No. 113.  The retainer letter states: "There are also conflict issues here.  I am appearing as [Debtor's] lawyer only.  If the investigation turned to your companies, or [the Reifler children], those entities would either need to represent themselves or have a separate lawyer."  *Id.*

Since obtaining Mr. Goldenberg in July 2021, the Reifler children reproduced everything that they previously submitted in 2019.[15]  At the OSC Hearing, Mr. Goldenberg brought 1,547

---

[13] While it is clear that the Reifler children were served with the complaint, the Court lacks evidence that they were served with the Compelling and Expenses Order.  This Court and the Trustee believed that Mr. Siegel represented them.  Thus, only Mr. Siegel was served with the Compelling and Expenses Order.

[14] Cole Decl., ¶ 7(a)-(c), ECF No. 102; Paige Decl., ¶ 7(a)-(c), ECF No. 103; Kelsey Decl., ¶ 7(a)-(c), ECF No. 104.

[15] On July 11 and 12, 2021, Cole, Kelsey, and Paige/EGIAP submitted late objections to production requests.  Cole Reifler, Kelsey Reifler, and Paige/EGIAP LLC waived all objections

documents that were originally produced in 2019 by Mr. Siegel on behalf of the Reifler children.

Mr. Goldenberg also produced the same documents with Bates stamps marked "Cole_####,"

KELSEY_####," and "EGIAP_####" so that it is now clear which documents were produced for

each Reifler child.  Defendant's Ex. 1 (Cole), Ex. 2 (Kelsey), Ex. 3 (EGIAP).  This Court has

painstakingly reviewed the original documents that were submitted and the new, collated

documents submitted by Mr. Goldenberg.  The original documents that were collectively

produced by Mr. Siegel were a mess.  Tr. at 281:19–21.  Mr. Siegel produced 1,547 documents

without detailing which Family Defendant produced which document.  Tr. at 245:19–246:9.

Documents numbered 8 through 80 were blurry and illegible.  Documents numbered 923 through

962 suffered the same defect.  As the documents were produced collectively, it is not clear which

Family Defendant produced the defective documents.  Mr. Siegel was also advised of his

inadequate production of documents.  At the October 29, 2019 hearing, the Court reviewed some

of the produced documents.

| | |
|---|---|
| **MR. O'TOOLE:** | Well, I can show Your Honor one attachment, just to give you a sense. Not only were they not organized, they weren't Bate's stamped in any fashion. They didn't provide any index. And just as an example, this is probably exemplar, but we opened it up. It was rather blurry when you printed it. And to say rather blurry is an understatement. |
| **THE COURT:** | I can't read that. |
| **MR. O'TOOLE:** | It's unreadable. |
| **THE COURT:** | Right. Right. |

---

after they failed to file any objections within 30 days of when the discovery requests were served
on them.  The Reifler children also produced individual initial disclosures.

Tr. of Oct. 29, 2019, 6:14–23, ECF No. 44.  Moreover, the interrogatories provided by the

Family Defendants were inadequate because the Trustee could not tell which Family Defendant

produced which document.

> **MR. O'TOOLE:**    Well, he provided numbered answers that correspond to
> what the interrogatories are, but just as an example, here in
> number 4, "All documents have been produced to the
> Trustee, or obtained by discovery of other parties during
> the course of the bankruptcy." And candidly, the Trustee
> doesn't know what Kelcop Family LLC has produced. I
> don't know what production is referenced. The Trustee was
> not part of the adversary proceeding that involved the U.S.
> Trustee's Office, and it doesn't identify what documents
> Kelcop Family LLC has. And this just goes on.

Tr. of Oct. 29, 2019, 9:1–8.  Despite being warned by this Court, Mr. Siegel failed to fix the

deficiencies with the produced documents—leading the Plaintiff to file a Motion for Contempt.

ECF No. 48.  Upon retaining new counsel, the Reifler children have remedied some—but not

all—of the discovery deficiencies.  The record of the OSC Hearing shows that the Reifler

children have yet to produce all responsive documents as required by the Compelling Order.

ECF No. 40.  No emails or electronic communications were produced by Cole, Kelsey, or Paige

in response to the Plaintiff's document requests.  Tr. of July 26, 2021, (Cole) 39:1–25; 50:2–15;

(Kelsey) Tr. at 191:3–24; (Paige) Tr. at 229:23–230:16.  Cole, Kelsey, and Paige conceded that

they could not recall and/or had never searched for and produced responsive electronic

communications, emails, or texts in response to the Plaintiff's document requests.  *Id.*

At this time, the Court will not impose a default judgment against the Reifler children.

 The Reifler children have addressed most of their discovery deficiencies—albeit belatedly.  As a

sanction under Rule 37(b)(2)(C), the Court will require the Reifler children to reimburse the

Plaintiff for all reasonable attorneys' fees and expenses incurred in connection with the OSC

Hearing and the post-hearing briefing.  The Reifler children do not have to pay the Expenses

Order because the Court lacks evidence demonstrating Mr. Siegel informed them of their obligations. *See supra* pp. 13–14.

## **The Remaining Defendants Will Have Their Answer Struck**

The Court finds that the following nine Family Defendants failed to comply with the Compelling Order or the Expenses Order after they were issued in October and November 2019: (1) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Kelsey Reifler, (2) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Cole Reifler; (3) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Paige Reifler; (4) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley C. Reifler Children's Trust; (5) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley Reifler Children's Trust No. 1; (6) KELCOP LP, (7) KELCOP FAMILY LLC, (8) Nancy Reifler, (9) POCLEK, LLC.  After remand from the district court, these nine Family Defendants did not produce any documents nor did they organize any of the documents they had previously produced.  *See* Pl. Ex. 39 (Mr. Siegel's letter stating that he is producing documents collectively).  They also failed to remedy the illegible documents that were produced.

Defendants 1 through 5

At the OSC Hearing, the Court had trouble determining who was authorized to speak on behalf of the numerous trusts and LLC's. Tr. at 336:21–25.  Mr. Reifler appeared on behalf of the five trusts.[16]  Initially, counsel for the five trusts accepted that judgment will be entered against these entities. Tr. at 337: 8–10.  The Court, however, expressed concern as to Mr.

---

[16] (1) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Kelsey Reifler, (2) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Cole Reifler; (3) Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Paige Reifler; (4) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley C. Reifler Children's Trust; (5) Bradley Reifler and Nancy Reifler, as Trustees of the Bradley Reifler Children's Trust No. 1.  *See* Tr. at 338:5–23.

Reifler's ability to authorize entry of default. Tr. at 344 at 10–12. The Court then declined to impose a default judgment and ordered Mr. Reifler to produce the trust documents to the Trustee within seven days. Tr. at 353:11–12. Failure to produce would lead to a default judgment. Tr. at 353:17–18. The Trustee's post-trial brief does not mention whether she received these documents. ECF No. 115. The Court assumes she did.

<u>Defendant Number 6 and 7; Kelcop LP and Kelcop Family LLC</u>

At the OSC Hearing, Mr. Reifler testified that he controlled both of these entities. Tr. 334:18–22.

<u>Defendant Number 8; Nancy Reifler</u>

At the OSC Hearing, Nancy testified that she believed that Mr. Siegel represented her. Tr. at 352:20–22.

<u>Defendant Number 9; POCLEK, LLC</u>

At the OSC Hearing there was confusion as to who was appearing on behalf of POCLEK. Tr. at 88:2–6; 90:1–7; 336:3–9. At one point, Mr. Goldenberg stated Mr. Siegel was appearing on behalf of POLCEK. Tr. at 336:3–9. After the OSC Hearing, on August 2, 2021, Mr. Goldenberg submitted a consent order substituting himself as attorney of record in place of Mr. Siegel. ECF No. 108. Mr. Goldenberg then submitted a post-trial brief on behalf of POLCEK on October 21, 2021. ECF No. 114.

The Court agrees with the Trustee and finds there was no evidence presented in response to the Order to Show Cause that any of these nine Family Defendants did anything after the issuance of the Compelling Order and Expenses Order to comply.[17] These nine Family Defendants, all of whom continued to be represented by Attorney Siegel at and during the OSC

---

[17] Plaintiff's Proposed Findings, ¶ 16, ECF No. 115.

Hearing failed to comply with any portion of either order. *Id.* Rather, these nine Family

Defendants simply relied on the responses which the Court had previously determined were

deficient before it issued the Compelling Order and Expenses Order. *Id.*

Since this matter has been remanded back to this Court these Family Defendants have

failed to remedy their discovery deficiencies. *Id.* at ¶ 22. At the OSC Hearing, the Debtor

testified that there were at least 100,000 pages responsive to the Plaintiff's document requests

and that he had produced them in other litigations, however, he failed to produce them in this

litigation.

| | |
|---|---|
| **Plaintiff:** | Okay. But your testimony is that you've produced over 100,00 documents |
| **Bradley:** | At least. |
| **Plaintiff:** | --that are relevant? |
| **Bradley:** | At least. |

Tr. of July 26, 2019, 323:8–324:3. At this time, the Court finds that the appropriate remedy is to

strike the answer of these nine Family Defendants and preclude them for proffering any evidence

to support any defense they raised or could have raised in their answer. *See* Fed. R. Civ. P.

37(b)(2)(A)(ii)-(iii). All the factors that a court must consider warrants this result. These nine

Family Defendants, since the inception of discovery, have failed to comply with discovery

deadlines and this Court's orders. *See* Compelling Order, ECF No. 40 and Expenses Order, ECF

No. 42. The Family Defendants were given additional time by the Plaintiff and warned

repeatedly by this Court of their discovery deficiencies. Compliance was not overly burdensome

as Mr. Goldenberg remedied much of the inadequacy of the Reifler children's discovery shortly

after being retained. Tr. at 281:19–21.

Within twenty-eight days of this decision, these nine Family Defendants must comply

with the Compelling Order and Expenses Order. All Family Defendants are also ordered to

produce any and all documents and information responsive to the outstanding discovery requests by each defendant, and provide a sworn affidavit from each of the Family Defendants specifying what search of electronic documents and/or files has been conducted, what search terms were used and the results, what electronic files or communications may have existed during the relevant period of time, and where those files or communications exists, including the names of the individuals and/or entities that have copies or access to those communications, and to the extent any electronic communications, information or documents no longer exists or the Reifler children no longer have access to them, what electronic communications or documents existed or when they were destroyed or otherwise became unavailable or inaccessible or who has custody or control of such electronic information.  Failure to comply with this order will establish that such communications do exist, for purposes of summary judgment and trial.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i) ("directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims").

All Family Defendants are required to reimburse the Plaintiff for all reasonable attorney fees and expenses incurred in connection with the OSC Hearing and the post-hearing briefing under Rule 37(b)(2)(C).  Plaintiff should file an affidavit itemizing the attorney fees and expenses within 10 days of this decision.  Each of the Family Defendants is hereby issued a final warning that a failure to comply will lead to entry of a default judgment.

The Court further finds that Mr. Siegel's actions warrant review by the Committee on Grievances of the United States District Court for the Southern District of New York.  This

Court will have a copy of this decision transmitted to the appropriate disciplinary authority to commence proceedings at its discretion.[18]

### Conclusion

For the foregoing reasons, the Plaintiff's Motion for Contempt is granted in part and denied to the extent it seeks default and imposition of joint and several liability. The Plaintiff shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).

---

[18] The Reifler children, Bradley Reifler and Nancy Reifler lacked basic knowledge of what was expected of them as Defendants in this Case. *See* N.Y.R. Prof'l Conduct 1.4(a)(1)(ii): "A lawyer shall promptly inform the client of: any information required by court rule or other law to be communicated to a client"; N.Y.R. Prof'l Conduct 1.4(b); 1.7. Mr. Siegel may have lied to the Court about representing Defendants in this case, since he has failed to produce his retainer agreement. However, an attorney's retainer agreement are not privileged. *People v. Belge*, 59 A.D.2d 307 (4th Dep't 1977).

**Dated: December 29, 2021**
**Poughkeepsie, New York**

/s/ **Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**