UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

BRADLEY C. REIFLER

    Debtor.

-----------------------------------------------------------x
MARIANNE T. O'TOOLE, AS CHAPTER 7
TRUSTEE OF THE ESTATE OF BRADLEY
C. REIFLER,

    Plaintiff,

  – against –

BRADLEY REIFLER, NANCY REIFLER,
LISETTE ACKERBERG and/or John Doe No.
1 and 2, as Trustee of the ACKERBERG
IRREVOCABLE TRUST FBO KELSEY
REIFLER; BRADLEY REIFLER, NANCY
REIFLER, LISETTE ACKERBERG and/or
John Doe No. 3 and 4, as Trustee of the
ACKERBERG IRREVOCABLE TRUST FBO
COLE REIFLER; BRADLEY REIFLER,
NANCY REIFLER, LISETTE ACKERBERG
and/or John Doe No. 5 and 6, as Trustee of the
ACKERBERG IRREVOCABLE TRUST FBO
PAIGE REIFLER; BRADLEY REIFLER,
NANCY REIFLER and/or John Doe No. 7 and
8, as Trustee of the BRADLEY C. REIFLER
CHILDREN'S TRUST; BRADLEY
REIFLER, NANCY REIFLER and/or John
Doe No. 9 and 10, as Trustee of the
BRADLEY REIFLER CHILDREN'S TRUST
NO. 1; KELCOP LP; KELCOP FAMILY LLC
a/k/a KELCOP LLC; NANCY REIFLER,
KELSEY REIFLER; COLE REIFLER; EGIAP
LLC; POCLEK, LLC; LISETTE
ACKERBERG, and JOHN DOES 11-20,

    Defendants.

-----------------------------------------------------------x

Chapter 7

Case No.: 17-35075 (CGM)

Adv. Pro. No.: 19-9003 (CGM)

AFFIDAVIT

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

Brad Reifler, being duly sworn, deposes and says:

1. I am co-trustee of the ACKERBERG IRREVOCABLE TRUST FBO KELSEY REIFLER, co-trustee of the ACKERBERG IRREVOCABLE TRUST FBO COLE REIFLER, co-trustee of the ACKERBERG IRREVOCABLE TRUST FBO PAIGE REIFLER, co-trustee of the BRADLEY C. REIFLER CHILDRENS TRUST, and co-trustee of the REIFLER CHILDREN'S TRUST No. 1. Even though I have no ownership or controlling interest in KELCOP LP, KELCOP FAMILY LLC a/k/a KELCOP LLC, and POCLEK, LLC, if I did my response herein would be the same. On behalf of these entities and me individually, I make this affidavit as required by the Order of this Court.

2. My first lawyer in the case was Andrea Malin. She asked for many documents to prepare the bankruptcy papers and to respond to demands from the trustee for the 341 meeting. In late 2016, I gave Andrea Malin documents relating to my personal and business finances, including all trusts that I was involved in. I did not retain copies. She and I had a falling out, and she withdrew from representing me. She never returned any documents to me. I have confirmed with her after the court issued its decision last month that she still has the documents I gave her. In connection with preparing this affidavit, I emailed her and demanded that she deliver to the trustee all documents in her possession that are not protected by attorney client privilege. I have no idea if she has done so.

3. After my declaring bankruptcy in January 2017, Evan Fuest on behalf of North Carolina Mutual, took a copy of all data files on my electronic equipment. I was not given a

-2-

19-09003-cgm    Doc 126    Filed 01/20/22    Entered 01/20/22 17:36:05    Main Document
Pg 3 of 5


copy. A few months thereafter, pursuant to a warrant, officers from the Office of the United States Postal Inspector seized all electronic devices, including all computers, at my former residence, 123 Fraleigh Hill Rd, Millbrook, NY 12545. I have never been given any of the devices back, or given a copy or inventory of what was taken. Subsequently, North Carolina Mutual Life lawyers requested a copy of the server that recorded all emails to and from me and corporate entities in which I had involvement. I made all data available at that time, and Kevin Clarke from Haystack copied all the data. I was not given a copy of any data file. In 2018, officers from the Office of the United States Postal Inspector came into Forefront's offices at 641 Lexington Ave, 29th floor, New York, New York 10022, and took out all the file boxes of documents and all servers and computers in that location. I do not recall if I was given an inventory list of what was taken, but if I was, I no longer have it. I am told that the Postal Inspector has collected 20M pages of information. The person who was in charge of the production of data files to North Carolina Mutual Life was Kevin Clarke, CCE, EnCE, CISA, Professional Investigator, Senior Forensic Examiner, c: 313.505.6015, e: kclarke@haystackid.com. Kevin Clarke was in charge of copying the hard drives and copying the server at Forefront. He was hired by Forefront's counsel (that later became my counsel), Steve Topetzes, Esq. from K&L Gates. Nothing has been returned to me by the Postal Inspector or North Carolina Mutual Life. Thus, I do not have ANY access to the information that was taken, and therefore there is nothing to search in any of the categories in the court's order. But for clarity, I will itemize my response to each question.

4.   I am now producing documents produced to my present lawyer, Michael Siegel, Esq., by the US Trustee's office, in connection with the discovery in the adversary proceeding in

this case with that office. By the time this affidavit is filed with the court, the trustee will be in possession of the 1800+ pages of material. I have no idea how the US Trustee got these documents, but most look like papers I had given Ms. Malin at the inception of the case. My understanding is the trustee already had these documents from early in the case. It was my own bank records that were used by the trustee to make the complaint in this action. Other than the documents already provided in discovery in this case, I have given no other documents in any format to Michael Siegel, nor am I aware of any other documents in his files to be produced. I understand that the court felt that certain "jpg" files produced by me from TD Bank regarding a joint checking account with my wife were blurry, even though I could make out the information in them. Thus, I ordered copies of these statements to be produced again, and have emailed them to the trustee.

5.  Item #1: **what search of electronic documents and/or files has been conducted**: None, based on the foreging. I have nothing to search.

6.  Item #2: **what search terms were used and the results**: None

7.  Item #3: **what electronic files or communications may have existed during the relevant period of time**: I had many devices which had electronic files. At this point, I have no recollection of which devices held which files, but I have identified above that the US Postal Service has the original devices, and others identified above may have copies of data files.

8.  Item #4: **where those files or communications exists, including the names of the individuals and/or entities that have copies or access to those communications**: Other than as identified above, I have no additional information or present knowledge of the location or custodian of the materials taken from me.

9. Item#5: **to the extent any electronic communications, information or documents no longer exists or the Reifler children no longer have access to them, what electronic communications or documents existed or when they were destroyed or otherwise became unavailable or inaccessible or who has custody or control of such electronic information**: See answers above.

10. To the extent that my cooperation is needed to sign authorizations or other papers to assist the trustee in getting these materials, I am willing to do so. However, the trustee is aware of all of the information in this affidavit, and always had the right to subpoena or otherwise get these materials.

_____
Brad Reifler

Sworn and subscribed
before me this 20 th day
of January, 2022.

_____
Notary Public

MICHAEL D SIEGEL
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SI6020081
Qualified in Kings County
My Commission Expires 2/22/23

-5-