UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

BRADLEY C. REIFLER,

        Debtor.

-----------------------------------------------------------x

MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF BRADLEY C. REIFLER,

        Plaintiff,

        – against –

BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG and/or John Doe No. 1 and 2, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO KELSEY REIFLER; BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG and/or John Doe No. 3 and 4, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO COLE REIFLER; BRADLEY REIFLER, NANCY REIFLER, LISETTE ACKERBERG and/or John Doe No. 5 and 6, as Trustee of the ACKERBERG IRREVOCABLE TRUST FBO PAIGE REIFLER; BRADLEY REIFLER, NANCY REIFLER and/or John Doe No. 7 and 8, as Trustee of the BRADLEY C. REIFLER CHILDREN'S TRUST; BRADLEY REIFLER, NANCY REIFLER and/or John Doe No. 9 and 10, as Trustee of the BRADLEY REIFLER CHILDREN'S TRUST NO. 1; KELCOP LP; KELCOP FAMILY LLC a/k/a KELCOP LLC; NANCY REIFLER, KELSEY REIFLER; COLE REIFLER; EGIAP LLC; POCLEK, LLC; LISETTE ACKERBERG, and JOHN DOES 11-20,

        Defendants.

-----------------------------------------------------------x

Chapter 7

Case No.: 17-35075 (CGM)

Adv. Pro. No.: 19-9003 (CGM)

**DECLARATION OF PAIGE REIFLER**

1

PAIGE REIFLER, pursuant to the provisions of 28 U.S.C. § 1746, declares, under penalty of perjury, as follows:

1. I submit this declaration based on my personal knowledge of the facts below in response to the Court's Memorandum Decision After Order to Show Cause Hearing (ECF Doc. 119, the "Decision") and the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Contempt and Awarding Plaintiff Her Reasonable Attorney Fees and Expenses Incurred in Connection with the Order to Show Cause Hearing and Post Hearing Briefing (ECF Doc. 122, the "Order").

2. Pursuant to the Decision and Order, I am required to provide a sworn affidavit:

> [S]pecifying what search of electronic documents and/or files has been conducted, what search terms were used and the results, what electronic files or communications may have existed during the relevant period of time, and where those files or communications exists, including the names of the individuals and/or entities that have copies or access to those communications, and to the extent any electronic communications, information or documents no longer exists or the Family Defendants no longer have access to them, what electronic communications or documents existed or when they were destroyed or otherwise became unavailable or inaccessible or who has custody or control of such electronic information or documents.

Order at 4.

**A. Search of Electronic Documents**

3. I have again reviewed the Trustee's First Request for Production of Documents to EGIAP LLC dated June 13, 2019 (the "Document Requests").

4. I have made all reasonable efforts to identify where responsive documents to the Document Requests may be kept.

5. The location of any responsive documents would be located on my computer, cell phone, in email accounts, or hard files. I have searched these databases for documents and communications responsive to the Document Requests.

**B. Search Terms**

6. I used the following search terms when conducting my discovery search: "Poclek", "Kelcop LP", "Brad", "Bradley", "Nancy", "money", "monies", "loan", "mortgage", "judgment", "transfer", "wire", "trust", "Ackerberg", "Children's Trust", "EGIAP", "3601", "5617", "2016", "6041", "4283", "6698", "4401", "9164", and "2485".

**C. Electronic Files or Communications in Existence During the Relevant Time Period**

7. The Document Requests seek documents and communications after January 1, 2011 to date. The files or communications in existence during this period of time would be limited to either emails, texts, or PDF documents. To my knowledge, my accounting firm (KRA LLC (www.kranyc.com)) and I are the only individuals that have access to these documents.

**D. Electronic Communications, Information, or Documents No Longer in Existence**

8. Other than the documents that I have produced in this litigation, I am unaware of any electronic communications, information or documents that are no longer in existence, destroyed, unavailable, or inaccessible which are responsive to the Document Requests.

Dated:   New York, New York
         January 23, 2022

_____
Paige Reifler, on behalf of EGIAP, LLC